### Oscar Blanchette v. The State.

#### No. 346.   Decided February 2, 1910.

**Aiding Escape of Prisoner—Information—Statutes Construed.**

There is no such offense as an attempt to aid a person to escape.   Article 229, Penal Code, provides that if any person shall wilfully aid a prisoner to escape, etc., he shall be punished, etc.   See arts. 229, 233 and 240, Penal Code. See opinion for information held insufficient.

Appeal from the County Court of Franklin.   Tried below before the Hon. J. E. Cowan.

Appeal from a conviction of unlawfully aiding a prisoner to escape; penalty, a fine of $5.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted in the court below for aiding a party, who was under arrest charged with a misdemeanor, to escape.   He has appealed from that conviction and insists that the case should be reversed upon the ground, among others, that the information is wholly insufficient and charges no offense.   The information charges that Oscar Blanchette did then and there unlawfully make an attempt to aid one Whit Case to escape from the custody of C. F. Newsom, the said Newsom being then and there a duly qualified constable of Franklin County, Texas, and as such constable he then and there had legally held Whit Case in his custody as a prisoner on the verbal order of W. H. Spence, a duly qualified justice of the peace of Franklin County, Texas, charging said Whit Case with a misdemeanor, to wit: disturbing the peace by the use of loud, obscene, vulgar and indecent language; and Oscar Blanchette then and there well knowing the premises and then and there with the intent and purpose to aid the said Whit Case to escape from and out of the custody of him, the said Newsom, constable as aforesaid, did then and there unlawfully and wilfully do an act calculated to effect that object in this: The said Oscar Blanchette did then and there by force and violence take the said Whit Case into a buggy and drove said buggy at such a rapid rate as to get the said Whit Case entirely out of sight of and from the custody of the said Newsom, and that said act was done with the intent to effect the escape of the said Whit Case.   We think that the information is bad and defective in that it charges an attempt to aid one Whit Case to escape from the custody of an officer.   We know of no such an offense as an attempt to aid a person to escape.   Article 229, Penal Code, provides that if any person shall wilfully aid a pris-

oner to escape by doing an act calculated to effect that object, he shall be punished, etc. See articles 229, 233 and 240, Penal Code.

The information being insufficient, the case is reversed and dismissed.

*Reversed and dismissed.*