**Randall Craig McCRAVY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64033.**

Court of Criminal Appeals of Texas,
En Banc.

Sept. 10, 1980.
On Rehearing Dec. 8, 1982.

William A. White, Austin, on appeal only, for appellant;  Catherine Greene, Houston, of counsel.

Ronald Earle, Dist. Atty. and Ralph Graham, Asst. Dist. Atty., Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This appeal results from conviction upon a plea of guilty before the court, for the offense of attempted burglary;[1] punishment assessed by the trial court is five years confinement.

Appellant complains of the fundamental sufficiency of the indictment underlying his conviction; and, of the trial court's failure to comply with the requisites of Article 26.13, V.A.C.C.P., in admonishing him, which, he claims, the record reflects resulted in affirmative harm.

There was no motion to quash the indictment filed in the trial court; we therefore will consider only the question of the indictment's fundamental sufficiency now for the first time on appeal.  *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974).

Omitting the formal portions, the indictment returned against appellant alleged that on February 15, 1979, he:

---

1. V.T.C.A. Penal Code, § 15.01, proscribes the offense of "attempt."  [See *post* at 454 for recitation of this provision.]

did ... attempt to enter a building owned by Martin H. Ayers by turning off electrical power to said building and climbing to the roof of said building to gain access, having at the time specific intent to commit the offense of burglary.

The question presented is, in short, "Does this indictment allege an offense against the law?" This Court has to date only passed on two issues regarding the fundamental sufficiency of attempted burglary indictments and our survey reveals interesting developments on the question.

In *Williams v. State,* 544 S.W.2d 428 (Tex.Cr.App.1976), this Court held that the constituent elements of the offense attempted need not be alleged for fundamental adequacy of an indictment for the offense of attempt.[2] This conclusion was supported by citing the analogues of "assault with intent" and robbery allegations.[3]

It is interesting that in another case passing on attempted burglary pleading, *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App.1976), the indictment not only alleged the constituent elements of burglary, the offense attempted, but it also alleged all of the elements of the theft intended, at the time

the burglary was attempted. Compare *Williams,* supra. The complaint on appeal this time, was that the indictment failed to allege the *act* or *acts* which constituted the attempt;[4] this Court, however, held that while allegation of such acts would be the better practice, its omission would not constitute error of a fundamental nature. *Green,* supra. Accord *Baldwin v. State,* 538 S.W.2d 615 (Tex.Cr.App.1976).

In so holding, this Court overruled *Fonville v. State,* 62 S.W. 573 (Tex.Cr.App. 1901),[5] thereby eliciting vigorous dissent from Presiding Judge Onion who was unwilling to agree that, absent specification of the accused's conduct, a purported attempt indictment alleged an offense against the law.[6]

Faced with the authority of *Williams* and *Green*—which respectively rejected the fundamental necessity of alleging either the elements of the offense attempted, or specifying the accused's conduct constituting the attempt to commit such offense—the newly enlarged en banc Court[7] confronted a question regarding the fundamental adequacy of an attempted murder indictment which alleged "attempt," but deleted an allegation

---

2. The indictment in *Williams,* supra, alleged that the accused "unlawfully committed an offense... in that he did attempt to enter a building owned by Ray Bailey, by prying a door latch with a steel meat hook, having intent to commit burglary."

3. See *Williams,* supra, at 429 and cases cited there.

4. The indictment returned against Green alleged materially that he did:
   "... intentionally and knowingly and without the effective consent of Clyde E. Cumbie... the owner thereof, *attempt to enter* a building not then and there open to the public, and with the intent to commit theft, to wit: with intent ... to unlawfully exercise control over the personal property of complainant, without the effective consent of complainant, the owner of said property, and with intent to deprive complainant of said property."
   (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

5. *Fonville,* supra, an old code case, held that an attempted burglary indictment must state the acts of the accused which constituted the at-

tempt so that the indictment's face reveals that what the accused did constituted an attempted burglary.

6. Presiding Judge Onion declared:
   "I conclude that the holding in *Fonville v. State,* supra, is applicable to the new statute [V.T.C.A. Penal Code, Sec. 15.01(a)], and that an indictment for attempted burglary is fundamentally defective where the attempt is only stated as a conclusion and it is not alleged what the defendant did in the attempt to commit burglary. When an essential part of the elements of the offense involves an act amounting to more than mere preparation, that tends, but fails, to effect the commission of the offense intended, then that act should be alleged. While the instant indictment alleged the intent, the attempt was alleged only as a conclusion and the overt acts relied upon as constituting attempt were not alleged." *Green,* supra, at 772–773 (Onion, P.J., dissenting.)

7. Effective January 1, 1978, the Court of Criminal Appeals was enlarged from five judges to nine by Constitutional amendment. Tex.Const. art. V, § 4.

of the *specific* intent with which that attempt was made, in *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978).[8] A five judge majority of this Court, including Judge Odom by express concurrence, found that alleging the word "attempt" is sufficient to aver a specific intent because " 'attempt' is a word more comprehensive of meaning than the word 'intent' and includes the latter." [9] *Dovalina,* supra at 380. But Judge Odom separately expressed vehement disagreement with what he characterized as having been "suggested by the majority": "that it would be sufficient merely to allege 'that appellant intentionally attempted to kill'." *Dovalina,* supra, at 384. Judge Odom insisted that the acts constituting the attempt are essential to the indictment's facial adequacy, and the drafting "suggested" would constitute nothing more than a conclusion which, under Texas law, constitutes no indictment at all.[10]

Presiding Judge Onion, joined by three other members of the Court, remained convinced that the "specific intent to commit an offense" constitutes an essential ingredient of an indictment charging an attempt, and must be alleged as such. For all practical purposes, the en banc Court merely echoed its decision in *Dovalina* when it handed down the opinion on State's motion for rehearing in *Telfair,* supra, on May 10, 1978.

Thus, the Court has before it authoritative statements, not unblemished by dissents, but authority nevertheless, as to what is *NOT* essential to allegation of the offense of attempt. When the non-essentials—so denominated by *Green, Williams* and *Donvalina*—are eliminated, we find that this Court has implicitly approved as fundamentally sufficient, allegation of an attempt distilled thus:

. . . that the accused did attempt to commit burglary. . . . We do not agree that the distillation produces a fundamentally adequate accusatory allegation,[11] and now proceed to analyze and hopefully clarify

---

**8.** The full context in which the question arose is of more than negligible interest. On September 14, 1977, the five member Court handed down *Prodon v. State,* 555 S.W.2d 451 (Tex.Cr. App.1977), a unanimous decision which, by implication, (and perhaps by inadvertence) approved the deletion, in an attempted burglary indictment, of the specific intent with which the attempt was made; less than two months later, the still five judge Court handed down *Telfair v. State,* 565 S.W.2d 522, 523 (Tex.Cr. App.1977), authored by the same judge as *Prodon,* which directly addressed the issue and held that "the 'specific intent to commit an offense' is both a particular intent and a material fact in the description of the offense of criminal attempt; therefore, it *must* be alleged in any indictment charging criminal attempt." [Emphasis original.] This decision, however, drew fire from Judge Douglas, who, by dissent, presaged that the majority's reasoning "would require an indictment to allege in effect that the accused intentionally intended attempted murder, or that he intentionally attempted to murder with intent," citing Article 21.11, V.A.C. C.P. and pointing to the conflict thereby created with the decision in *Prodon.* Twenty eight days after *Telfair* was decided, on November 30, 1977, the State was granted leave to file a motion for rehearing, and thereafter, the case was submitted to the newly expanded nine judge en banc Court on January 11, 1978.

The stage had thus been set when *Dovalina* was submitted to the five judge Court on No-

vember 9, 1977, and thereafter decided by the full nine judge Court on February 22, 1978.

**9.** The indictment in issue in *Dovalina,* omitting the formal portions, alleged that the accused did:

"unlawfully, knowingly and intentionally *attempt to cause the death* of Jerry Powell by cutting and stabbing him with a knife and by shooting him with a gun, the said Jerry Powell being a peace officer acting in the lawful discharge of his official duties and the said Defendant then and there knew the said Jerry Powell was a peace officer acting in the lawful discharge of his official duty."

Because specific intent to commit burglary is alleged in the instant indictment, we have no occasion to evaluate the actual holding of *Dovalina.*

**10.** Because Dovalina's indictment *did* allege the acts constituting the attempt [see n. 9, *ante* ], Judge Odom's protestations served mainly the function of a warning. But for purposes of our discussion here, Judge Odom notably aligned himself for the first time with Presiding Judge Onion's expressions of dissent in *Green,* supra.

**11.** Article 21.01, V.A.C.C.P., provides that "An 'indictment' is the written statement of a grand jury accusing a person therein named of some *act* or omission *which, BY LAW, is declared to be an offense.* "

that which *IS* essential to allege that a person has committed an attempt, an offense proscribed by law, on the face of an indictment.

The 1974 penal code proscribes "criminal attempt" as follows:

A person commits an offense if, with specific intent to commit an offense, *he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense* intended.

Section 15.01(a), V.T.C.A., Penal Code.[12]

Under our former penal code, numerous statutes individually proscribed attempt and related criminal conduct in terms of a specific object offense and provided varying punishments therefor.[13] Illuminative of the interests advanced, as well as the changes wrought by the new code in consolidating "attempt" and related offenses into the general proscription circumscribed by § 15.-01, supra, is the Practice Commentary following that provision:

Before an attempt to commit an offense can be punished, the attempt itself must be defined as an offense, *Blanchette v. State,* 125 S.W. 26 (Cr.App.1910), ... *Section 15.01* [as opposed to the elaborate old code statutory scheme dealing with attempt and related offenses] *is a general attempt statute* that represents a new approach to the law of attempt in Texas: criminal attempt, as defined in this section, applies in conjunction with all of the offenses defined in the penal code. * * * Under the general attempt statute, *the elements necessary to establish criminal attempt* and the penalties for its commis-

sion *are uniform,* while under prior law the elements of and penalties for an attempt varied depending on the particular offense attempted.

Mindful of this concern for uniformity in the constituent elements of the offense of attempt notwithstanding the potentially myriad variations in detail and description, we find it edifying to review the governing definition of "element of offense;" V.T. C.A. Penal Code, § 1.07, provides:

(a) *In this code*

\*    \*    \*    \*    \*    \*

(13) '*Element of offense*' means:
(A) the forbidden conduct; [14]
(B) the required culpability;
(C) *any required result;* and
(D) the negation of any exception to the offense.

The Practice Commentary to § 15.01 consonantly notes:

\*    \*    \*    \*    \*    \*

To constitute attempt, there must be an act, which must be performed with an intent to commit a crime. * * * *An act and intent alone,* however, *will not suffice for attempt.* The actor's *CONDUCT must progress beyond 'mere preparation' and must tend to effect commission of the crime.*

▮ It is clear, therefore, that the offense of attempt is committed only if the *act* or acts done *result* in progress toward the *intended* offense which is "more than mere preparation that tends but fails to effect the commission" of that offense.[15]

---

**12.** It is of import to note that § 15.01(a), supra, constitutes the declaration "by law" of *conduct* which constitutes the offense of criminal attempt, [see n. 11, *ante*], and is not merely a definition of the word "attempt" which serves to give that word a "technical meaning."

**13.** See, e.g., Article 1190 (attempt to rape); Article 1162 (assault with intent to rape); Article 1160 (assault with intent to murder); Article 1163 (assault with intent to rob); Articles 353b and 353d (attempted escape); Article 1316 (attempted arson); Article 1402 (attempted burglary).

**14.** Subsection (a)(8) of the same section provides that " 'conduct' means an *act* or omission and its accompanying mental state."

**15.** The explanatory comment to Branch's, Texas Annotated Penal Statutes, § 15.01 (3rd ed. 1974) lays the claim that:

"An apparent typographical error resulted in the omission of commas offsetting the phrase 'amounting to more than mere preparation', and without them the section is incapable of interpretation."

The commentary then asserts, and we believe correctly so, that,

We accordingly hold that the elements necessary to establish the offense of attempt under § 15.01, supra, are: (1) a person, (2) with specific intent to commit an offense, (3) does an act,[16] (amounting to [resulting in] more than mere preparation),[17] that (4) tends, but fails, to effect the commission of the offense intended. *Baldwin,* supra; see also Branch's, Texas Annotated Penal Statutes, § 15.01, (3rd ed. 1974).[18] It follows that the statutorily "required result" of the actor's conduct is an indispensable element of the offense of attempt, which the State is required to prove.

Article 21.03, V.A.C.C.P. commands that "everything should be stated in an indictment which is necessary to be proved." In *Chance v. State,* 563 S.W.2d 812, 814–815 (Tex.Cr.App.1978) this Court observed:

An indictment or information must by direct and positive averments allege all of the constituent elements of the offense sought to be charged. Nothing can be left to inference or intendment. In fact, the sufficiency of the indictment cannot be aided by intendment.... [A]ll elements constituting an offense must be sufficiently charged so as to inform, without intendment, the presumptively innocent [accused] of the charges against him. [All citations are omitted.]

■ Faithful to this precept, the rule has evolved that it is ordinarily sufficient to allege an offense in the language of the statute which denounces it, *Parr v. State,*

575 S.W.2d 522 (Tex.Cr.App.1979), and this is particularly true when the statutory proscription is of and by itself completely descriptive of the offense alleged to have been committed. *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978). See also *Pollard v. State,* 567 S.W.2d 11 (Tex.Cr.App.1978); *Milligan v. State,* 554 S.W.2d 192 (Tex.Cr.App.1977); *Lopez v. State,* 494 S.W.2d 560 (Tex.Cr.App.1973); *Burney v. State,* 347 S.W.2d 723 (Tex.Cr.App.1961); *Maedgen v. State,* 104 S.W.2d 518 (Tex.Cr.App.1937).

Article 21.17, V.A.C.C.P., provides that "words used in a statute to define an offense need not be strictly pursued in the indictment; *it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words.*" See, e.g., *Dovalina,* supra; cf. *Chance,* supra.

■ Accordingly, we hold that so long as an indictment charging an attempt alleges every element of the offense—the conduct, the culpable mental state and the required result—and each element is alleged either in the language of § 15.01, supra, or by words conveying the same meaning as the statutory words, that indictment will not fail for fundamental sufficiency. *Dovalina,* supra; *Chance,* supra; *Maedgen,* supra. To the extent that *Green,* supra, may be read to hold that the indictment in that case alleged the constituent elements of the offense of attempt, it is overruled.[19]

---

"*It is the ACT that must tend but fail to effect the commission of the offense intended.*"

16. See § 1.07(a)(1) for definition of "act."

17. The ordinary meaning of "preparation" is "the *action* or process of making something *ready* for use or service or of getting *ready* for some occasion...." Webster's New Collegiate Dictionary (1977).

18. See also *Dovalina,* supra, (Onion, P.J., dissenting); and *Green,* supra, (Onion, P.J., dissenting).

The dissent would have it that "the crime of attempt has no required result," asserting that a "result" would move the "attempt" forward to "a completed substantive offense." The argument is specious. The required result of an

attempt offense is attained when its constituent act or acts reach that discernable qualitative point of tending but failing to effect commission of the offense intended. Thus, it is not merely a matter of "manner and means used" but their effective thrust toward accomplishing the intended result.

19. We do not disturb the direct holding of *Green*—that the omission of the acts constituting the attempt does not render the indictment fundamentally defective—but we do qualify that holding to the extent that such an omission will not *necessarily* render an *otherwise* sufficient indictment fundamentally defective.

The indictment in *Green* [see n. 4, *ante*], would clearly fail under the analysis and resultant conclusion we make today for, while under *Dovalina,* the culpable mental state is suffi-

We now turn to an application of the foregoing analysis to the indictment returned in the instant cause. The phrase of the indictment which is in question reads:

... by turning off electrical power to said building and climbing to the roof of said building to gain access. . . .

The issue is whether these words are sufficiently similar in meaning to the statutory words which require that the acts done were ones which "amount[ed] to more than mere preparation that tend[ed] but fail[ed] to effect the commission of the [burglary] intended."

Section 1.07(a)(1) defines the word "act" as "a bodily movement, whether voluntary or involuntary, and includes speech." We cannot say that "turning off electrical power" and "climbing to the roof" are not "acts" within the meaning of § 1.07(a)(1), supra.[20] However, that such acts amount to "more than mere preparation"[21] to commit the burglary intended is another matter.

V.T.C.A. Penal Code, § 30.02, provides the constituent elements of the offense of burglary and reads in pertinent part:

(a) A person commits an offense, if, without the effective consent of the owner, he:

(1) *enters* a habitation, or a building, (or *any portion of a building*) not then open to the public, with intent to commit a felony or theft.

\*     \*     \*     \*     \*     \*

(b) For purposes of this section, 'enter' means to *intrude:*[22]

(1) *any part of the body; or*

(2) *any physical object connected with the body.*

Though clearly an "act," "climbing to the roof" equally clearly is not an act which tends to effect an "intrusion" or "entry" to the building. The allegation of "turning off electrical power" informs neither that appellant did, or did not, do an act which tended to intrude any part of appellants body or any physical object connected with it.[23] As such, the indictment fails to

---

ciently alleged, neither the elemental *act* nor *required result* is alleged in the language of the statute or in words which convey or include the sense of those statutory elements. It is true that allegation of the word "enter" *implies* that *some* "act" has been completed. By contrast, allegation of an "*attempted* entry" does not assure the trial court that an "act"—implied or otherwise—in fact occurred, much less than it was one which amounted to more than mere preparation which tended but failed to effect the *commission* of the *burglary* intended. For example, under the indictment returned against Green, an accused could be convicted if proof established nothing more than that with intent to commit burglary, he merely reached *toward* a door knob, or, believing he could "will" a window open, concentrated his delusional skill to that end.

As previously emphasized in n. 12, *ante,* § 15.01 specifies the constituent elements of a distinct criminal offense; it does not provide a "technical meaning" for the word "attempt." Accord: *Dovalina.* Accordingly, allegation of the statutory elements of the prohibited act and its required result does not consequently inhere in the bare allegation of the word "attempt." As such, the indictment returned against Green is fundamentally defective.

**20.** Clearly "climbing to the roof" falls within the statutory definition of "act;" "turning off electrical power," however, conveys no information about the "bodily movement" involved.

It is only by process of elimination, i.e., our inability to conceive of a person's "turning off electrical power" *without* some bodily movement, that we concede such would constitute an "act," albeit, an unknown "act."

**21.** For the ordinary meaning of "preparation," see n. 17, *ante.*

**22.** Webster's Seventh New Collegiate Dictionary (1969), defines "intrude" as "*to thrust* oneself *in* without invitation, permission, or welcome; *to enter* as if by force." See V.T.C.A. Penal Code, § 1.05(b).

**23.** Because an "entry" is the gravamen of the offense of burglary, the State must allege and prove in an *attempted* burglary case, that the accused committed an act which tended but failed to effect the commission of the intended *burglary,* as opposed to some other offense, such as arson, murder, indecent exposure, terroristic threat, to name only a few. This is not to "repeal" the crime of attempted burglary, as charged by the dissent. We do require that the indictment allege *conduct* which demonstrates that it tends to effect commission of burglary as well as *intent* to commit burglary—the latter being already asserted by an allegation of that specific intent. Confusing the two quite different elements has infected much of the dissenting opinion.

allege that appellant committed an act which amounted to more than mere preparation which tended but failed to effect commission of an intended *burglary.* See *Bledsoe v. State,* 578 S.W.2d 123 (Tex.Cr. App.1979). We hold that the indictment returned against appellant alleges only an attempt to commit a preparatory offense which, by statute, is no offense at all. V.T.C.A. Penal Code, § 15.05. As such, the indictment is void on its face.[24] *American Plant Food Corp.,* supra.

For the failure of the indictment to allege an offense against the law, the judgment of conviction is reversed and the prosecution is dismissed.[25]

It is so ordered.

TOM G. DAVIS, and DALLY, J., dissent.

DOUGLAS, Judge, dissenting.

The majority reverses this case because of a fundamental defect in the indictment. McCravy was charged with attempted burglary. The indictment stated that McCravy "did then and there attempt to enter a building owned by Martin H. Ayers by turning off electrical power to said building and climbing to the roof of said building to gain access, having at the time the specific intent to commit the offense of burglary . . . ." McCravy contends on appeal that the acts alleged amount to no more than mere preparation to commit a burglary. No motion to quash was filed.

In holding this indictment to be fundamentally defective, the majority uses a two-stage analysis: (1) that such acts are required to be alleged as the required result of the offense, and (2) the acts alleged in the instant case amount to nothing more than mere preparation to commit the offense.

As to the first conclusion, the majority opinion finds that these acts are elements of the offense of attempt and are required to be alleged. Article 21.03, V.A.C.C.P., states that an indictment should state all that "is necessary to be proved." V.T.C.A., Penal Code, Section 1.07, defines "elements of offense":

"(a) In this code:

" * * *

"(13) 'Element of offense' means:

"(A) the forbidden conduct;

"(B) the required culpability;

"(C) any required result; and

"(D) the negation of any exception to the offense."

The majority then finds that these acts should be alleged as "the required result" of the crime of attempt. The majority overlooks the obvious fallacy: that the crime of attempt has no required result. If there were a result to the crime, there would be a completed substantive offense, not just an attempt. Not all of the Penal Code offenses have a required result. Burglary is complete once the entry is made; there is no need for the defendant to have committed his intended felony. Similarly, the offense of assault, in certain situations [V.T.C.A., Penal Code, Section 22.01(a)(2)], has no required result; the offense is complete once a defendant intentionally or knowingly threatens another with imminent bodily injury. See also V.T.C.A., Penal Code, Section 15.02 (Criminal Conspiracy); V.T.C.A., Penal Code, Section 15.03 (Criminal Solicitation).

We have long held that attempt consists of only two elements: the intent to do a thing and an act that falls short of the

---

**24.** It is important to note that if the indictment before us had, in addition to the allegations made, reflected the statutory language of § 15.01, supra, which sets out the elemental *act* and *required result* as discussed *ante,* we would be persuaded that the *indictment* alleged the offense of attempt. In that case, whether proof of "turning off electrical power" and "climbing to the roof" established the attempt offense alleged, would be a question of *evidentiary* sufficiency, a question we do not address here.

**25.** In this Court appellant is represented by appointed counsel who was not his trial counsel. For spotting the defective indictment and raising the point on appeal, we commend the appellate attorney by expressing the thought that had he been trial counsel the cause would never have come to this Court.

458

thing intended. *Wood v. State,* 27 Tex.
Cr.R. 393, 11 S.W. 449 (1889); *Watts v.
State,* 30 Tex.Cr.R. 533, 17 S.W. 1092 (1891);
*Marthall v. State,* 34 Tex.Cr.R. 22, 36 S.W.
1062 (1894). Viewed in this context, the
majority opinion is nothing more than an
attempt to require, as a fundamental ele-
ment of the indictment, the allegations of
the manner and means used to commit the
offense. As the author of the majority
opinion in this case stated in *Cruise v.
State,* 587 S.W.2d 403 (Tex.Cr.App.1979),
allegations of the manner and means to
commit the offense are not "fundamental
requisites" of charging the offense for pur-
poses of invoking the district court's juris-
diction. We should follow that decision.

Even if such acts were required for fun-
damental sufficiency, the acts here are suf-
ficient to allege an act that amounts to
"more than mere preparation that tends but
fails to effect the commission of the offense
intended." V.T.C.A., Penal Code, Section
15.01. The majority opinion focuses on the
statutory definition of the word "entry"
[see V.T.C.A., Penal Code, Section 30.02(b)]
as the test for determining the sufficiency
of the allegation. The opinion requires that
the alleged act amount to an intrusion "of
any part of the building's body or any phys-
ical object connected with it." This ignores
the elementary principle of criminal juris-
prudence that once an entry is effected, the
substantive crime of burglary is complete;
the attempt was successful. If the require-
ment by the majority is followed, the crime
of attempted burglary has been repealed by
this Court.

Professor Perkins, in his hornbook trea-
tise, *Perkins on Criminal Law* (Foundation
Press, 1969), sets forth an extended expla-
nation on the difference between an at-
tempt and mere preparation:

"A distinction is made between meas-
ures taken by way of preparation for the
commission of a crime and steps taken in
the direction of its actual perpetration.
As said by the California court: 'Between
preparation for the attempt and the at-
tempt itself, there is a wide difference.
The preparation consists in devising or

arranging the means or measures neces-
sary to the commission of the offense;
the attempt is the direct movement to-
ward the commission after the prepara-
tions are made.' The difference between
the two may not be 'wide' as a matter of
fact. As one approaches the other we
may find a difficult 'twilight zone' rather
than a sharp and clear dividing line. But
it is wide as a matter of law.

"So far as the common law is concerned
there is no criminal attempt unless
what was done went beyond the stage
of preparation. The 'act must reach
far enough toward the accomplishment
of the desired result to amount to the
commencement of the consummation;'
although it is not required to be the
'last act' intended for the purpose."

Proximity of the acts to the completed of-
fense in terms of both time and place are to
be considered. The alleged acts must be
viewed in the context of the criminal event
and must evidence the defendant's intent to
complete the crime. That the acts evidence
criminal intent is the exact reason why they
must go beyond mere preparation for the
crime. In the present case, if the acts were
found to have been committed right before
McCravy was to enter the building, they
would easily indicate a criminal intent.
This, however, is a matter for the jury to
decide; they must find that the act
amounts to more than mere preparation. It
is *not* up to the reviewing court to place the
alleged acts in a vacuum and to determine
whether they evidence sufficient intent to
commit a crime.

The judgment should be affirmed.

W.C. DAVIS, J., joins in this dissent.

OPINION ON STATE'S MOTION
FOR REHEARING

W.C. DAVIS, Judge.

On original submission, this Court re-
versed appellant's conviction, upon a guilty
plea, for the offense of attempted burglary,
on the basis that the indictment in issue
was fundamentally defective. For the fol-
lowing reasons we grant the State's Motion

for Rehearing, reverse our earlier opinion, and now affirm appellant's conviction.

The indictment under which appellant was convicted recited, in pertinent part, that appellant:

"did ... attempt to enter a building owned by Martin H. Ayers by turning off electrical power to said building and climbing to the roof of said building to gain access, having at the time the specific intent to commit the offense of burglary...."

V.T.C.A. Penal Code, Sec. 30.02, defines the offense of burglary and reads in part:

"(a) A person commits an offense if, without the effective consent of the owner, he:

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft;

> \*    \*    \*    \*    \*    \*

"(b) For the purposes of this section, 'enter' means to intrude:

"(1) any part of the body;  or

"(2) any physical object connected with the body."

V.T.C.A. Penal Code, Sec. 15.01, defines the offense of criminal attempt, and provides in part as follows:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

■ Under Sec. 15.01, supra, among the elements of the offense of attempted burglary is that the defendant does an act amounting to more than mere preparation that tends but fails to effect the commission of the burglary intended.  But although this is a required element of the offense, the indictment need not allege the

phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended", *if* it alleges facts which adequately show that the act is of that character.  *Morrison v. State,* 625 S.W.2d 729 (Tex.Cr.App.1982); *Colman v. State,* 542 S.W.2d 144 (Tex.Cr. App.1976); Art. 21.17, V.A.C.C.P.  An indictment which alleges neither that element nor facts which show that element, on the other hand, is insufficient to allege criminal attempt.  *Hobbs v. State,* 548 S.W.2d 884 (Tex.Cr.App.1977) *Ex Parte Carter,* 618 S.W.2d 331 (Tex.Cr.App.1981).[1]

As stated by Judge Clinton in the original opinion, the controlling issue in the case at bar is whether the words "turning off electrical power" and "climbing to the roof" are sufficient to allege that the acts done by appellant were ones which "amount[ed] to more than mere preparation that tend[ed] but fail[ed] to effect the commission of the [burglary] intended." Sec. 15.01, supra.  In holding these allegations insufficient, the original opinion stated:

"Though clearly an 'act,' 'climbing to the roof' equally clearly is not an act which tends to effect an 'intrusion' or 'entry' to the building.  The allegation of 'turning off electrical power' informs neither that appellant did, or did not, do an act which tended to intrude any part of appellant's body or any physical object connected with it.  As such, the indictment fails to allege that appellant did an act which amounted to more than mere preparation which tended but failed to effect commission of an intended *burglary.*  [citation omitted]  We hold that the indictment returned against appellant alleges only an attempt to commit a preparatory offense which, by statute, is no offense at all."

It is evident from the quoted language, viz., "which tended to intrude", that our earlier opinion requires an allegation of acts

---

1.  While it is acceptable to allege the offense by either of these two methods, it is the recommended practice to simply track the express language of the attempt statute, i.e., "and said attempt by the accused amounted to more than mere preparation that tended but failed to effect the commission of the offense intended".  Sec. 15.01, supra.  This should eliminate the inherent problem of alleging facts which are sufficient to lead to the legal conclusion of "more than mere preparation...."

which amount to the performance of a "last proximate act"; it would therefore be necessary, to have a fundamentally sufficient attempt indictment, that the accused be caught during the performance of the *last possible event* prior to the completion of the intended offense.[2] As a practical matter, the question presented is at what point we will draw the imaginary line which separates the allegation of an act that amounts to no more than "mere preparation" from the allegation of an act which "tends . . . to effect the commission of the offense. . . ." We do not believe that the intent of Sec. 15.01, supra, was to draw this line at the "last proximate act". There is necessarily a "gray area" between an allegation of a situation which is clearly no more than mere preparation, and an allegation of a situation in which the accused is discovered clearly engaged in the last act prior to a successful entry. It is this "gray area" into which the present case falls.

In *Cody v. State,* 605 S.W.2d 271 (Tex.Cr. App.1980), an appeal from a conviction for the offense of attempted arson, the appellant argued that the trial court erred in overruling his motion to quash the information under which he was convicted. The information stated in pertinent part, that appellant did:

> "knowingly and intentionally attempt to start a fire . . . said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, in that the said

Robert Lee Cody poured gasoline on the floor of said building."

The appellant maintained that the act of pouring gasoline on a floor is in and of itself, only an act of preparation. In overruling the appellant's ground of error the Court made the following statement which we find applicable to the case at bar:

> "In the instant case, it is alleged that appellant attempted to start a fire by pouring gasoline onto the floor of a building. The information does not merely allege appellant's acts of procurement, possession and transportation of the gasoline to the school; rather, it alleged an overt act of making use of the gasoline to ready the scene for a fire. We find that the information alleges an act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended" 605 S.W.2d at 275.[3]

■ Although in the case at bar it is a very close question, and this is certainly not the form of indictment that we would recommend for use in the future, upon careful reconsideration we find that "turning off electrical power" and "climbing to the roof" are sufficient allegations of fact to lead to the legal conclusion that appellant committed acts amounting to more than mere preparation that tended but failed to effect the commission of the intended burglary.[4] Cf. *Ex Parte Carter,* 618 S.W.2d 331 (Tex. Cr.App.1981); *Hobbs v. State,* 548 S.W.2d 884 (Tex.Cr.App.1977).

---

**2.** For a further example of the original opinion's requirement of an allegation of the "last proximate act" prior to successful completion of the intended offense, see the treatment of *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App. 1976), in footnote 19. While we adhere to Judge Clinton's partial overruling of *Green* (as will be treated later in this opinion), we not only find it possible that an accused could be convicted of attempted burglary on a showing that he reached toward a door with intent to commit burglary, we find it equally possible that an accused could be convicted on a showing of much less, as long as the alleged acts "*tended to effect* the commission of a burglary", rather than requiring the acts to "tend to *intrude*", as stated by our original opinion.

**3.** Due to the fact that the information in *Cody,* supra, contained language which tracked the provisions of Penal Code, Sec. 15.01, the information properly alleged the offense of criminal attempt without an analysis of the sufficiency of the factual allegations.

**4.** This holding is consistent with the four elements necessary for a sufficient allegation of criminal attempt under Sec. 15.01, supra: (1) a person, (2) with specific intent to commit an offense, (3) does an act (amounting to more than mere preparation), (4) that tends, but fails to effect the commission of the offense intended. *Torres v. State,* 618 S.W.2d 549 (Tex.Cr. App.1981); *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App.1976) (dissenting opinion); *1 Branch's Ann.P.C.,* 3rd ed., p. 635.

The indictment was therefore sufficient to give notice to the defendant and to invoke the jurisdiction of the trial court.[5]

■ In his only additional ground of error, appellant alleges that the trial court failed to properly admonish him before accepting his guilty plea, as required by Art. 26.13, V.A.C.C.P.

Specifically, appellant argues that the court failed to comply with the portion of Art. 26.13, supra, which provides that:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

　　*　　*　　*　　*　　*　　*

"(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, *in the event that such agreement exists,* the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea...." (emphasis added)

The relevant portion of testimony was as follows:

"THE COURT: Do you intend to enter a plea of guilty or not guilty to this offense?

"THE DEFENDANT: Guilty.

"THE COURT: Attempted Burglary of a Building, I told you, is a third degree felony, punishable by not less than two nor more than 10 years in the State penitentiary. In addition, a fine of up to $5,000 may be assessed. Do you understand that range of punishment?

"THE DEFENDANT: Yes, sir.

"THE COURT: Mr. Wilson, from your discussion with Mr. McCravy have you formed an opinion as to whether or not he does understand what he is accused of and is competent to assist you and stand trial?

"MR. WILSON [DEFENSE COUNSEL]: Yes, Your Honor. He is both.

"THE COURT: In your opinion.

"MR. WILSON: (Nod affirmative.)

"THE COURT: Before you enter this plea you still have certain rights. You have a right to have this case tried by a jury. You have a right to have all of the witnesses who are going to testify against you do so in this courtroom in your presence and to question them or Cross Examine them. You have a right to remain silent and say absolutely nothing about this case. Do you understand those rights?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you give up your right to a jury trial and to have the witnesses come down here or do you want a jury trial?

"THE DEFENDANT: I don't have any witnesses.

"THE COURT: You don't want the witnesses to come down here if there are any?

"(Whereupon after a brief discussion between the Defendant and Mr. Wilson the following proceedings were had:)

"THE COURT: Stop. Hold it. Do you want a jury trial or not?

"THE DEFENDANT: No, sir.

"THE COURT: Do you want all the witnesses to have to come down here that are going to testify or not?

"THE DEFENDANT: No, sir.

"THE COURT: Do you give up your right to remain silent then and wish to make a confession of your guilt this morning?

"THE DEFENDANT: Yes, sir.

**5.** To the extent that our previous opinion partially overruled the holding in *Green v. State,* 533 S.W.2d 769 (Tex.Cr.App.1976), we continue to adhere. An attempt indictment which makes neither an allegation of "more than mere preparation which tended but failed to effect the commission of the offense intended", nor an allegation of facts which would lead to such a legal conclusion, is fundamentally defective for failure to allege a crime. The indictment in *Green,* which alleged only the conclusory "attempt to enter", was fundamentally defective as it did not allege the provisions of Sec. 15.01, supra.

"THE COURT: To the charge of attempted burglary alleged to have been committed on February the 15th of this year do you plead guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Freely and voluntarily?

"THE DEFENDANT: Yes, sir.

"THE COURT: Because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"THE COURT: I assume this is a negotiated plea.

"MR. WILSON: No, sir. It is not.

"THE COURT: It is not a negotiated plea. You understand if I find you guilty here this morning after hearing your testimony I can impose a sentence anywhere in that range I explained to you. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you still want to plead guilty?

"THE DEFENDANT: Yes, sir."

Art. 26.13, supra, requires that prior to accepting a plea of guilty, the court shall, inter alia, admonish the defendant of the non-binding effect of the prosecutor's recommendation as to punishment, *if there exists such a recommendation.* In the present case, the record reflects that no such recommendation by the prosecutor existed. In a situation where no recommendation by the prosecution exists, the provisions of Art. 26.13(a)(2), supra, do not apply, and there is no requirement that the trial court admonish the defendant as to the non-binding character of such a recommendation. *Jamail v. State,* 574 S.W.2d 137 (Tex.Cr.App.1978); *Whitten v. State,* 587 S.W.2d 156 (Tex.Cr.App.1979); *Kidd v. State,* 563 S.W.2d 939 (Tex.Cr.App.1978); *Bouie v. State,* 565 S.W.2d 543 (Tex.Cr.App. 1978) (concurring opinion); *Campbell v. State,* 577 S.W.2d 493 (Tex.Cr.App.1979). Appellant's ground of error is overruled.

The State's Motion for Rehearing is granted and the judgment is now affirmed.

CLINTON, J., dissents.

TEAGUE, J., concurs in the result.

CLINTON, Judge, concurring in part and dissenting in part on State's Motion for Rehearing.

On what was practically a clean state when we confronted this issue, I wrote the opinion which was approved by a majority of the Court on original submission; our sole concern was to comprehend, harmonize and give effect to what appeared to be conflicting opinions theretofore written on the subject of attempt pleading in light of the 1974 penal code.[1] We were persuaded that under the new code, the phrase, descriptive of the culpable conduct—"amounts to more than mere preparation that tends but fails to effect the commission of the offense intended"—is an element of the offense of attempt, irrespective of the offense intended. Necessarily then, being an element of the offense, that phrase must be alleged in the State's charging instrument in some manner.

Hoping to provide guidance to the prosecutors of this State, we sought to make it clear that pleading this phrase in the language of the statute is preferable, for a multitude of reasons, to attempting to set out acts which themselves illustrate they "amount to more than mere preparation that tends but fails to effect the commission of the *offense intended.*" [Emphasis added]

While I cannot agree that the acts pleaded here meet these criteria for reasons fully explicated on original submission, the essential rule of law fashioned at that time has by now been ratified through application[2] and is today readopted by the majority of the Court.

Since the majority leaves undisturbed the prior holding that "amount[ing] to more

---

1. Only *Green v. State,* 533 S.W.2d 769 (Tex.Cr. App.1976) could not withstand the analysis; the majority today adheres to its being overruled.

2. E.g., *Morrison v. State,* 625 S.W.2d 729 (Tex. Cr.App.1982); and *Cody v. State,* 605 S.W.2d 271 (Tex.Cr.App.1980), to name but a few.

than mere preparation that tends but fails to effect the commission of the offense intended," is an element of the offense of attempt, which must be pleaded and proved by the State, I concur in that reasoning.

To the majority's determination that the acts alleged here are equivalent to that element of the offense, however, I dissent.[3] I would reverse the judgment of conviction and order the indictment dismissed.

---

3. Happily the line between an attempt and the completed object offense is brighter in cases other than when the offense intended is burglary in general. But, I find the purported distinction made by the majority in n. 2, between "acts [which] tend to effect the commission of a burglary" and "acts [which] tend to intrude" into a building, to be one without difference *in this case,* because the indictment otherwise provides no inference that the acts alleged amounted to more than mere preparation to commit a *burglary,* which tended but failed to effect the commission of a *burglary.*

Had the State alleged appellant "turned off the electrical power by severing a power line" or "climbed to the roof carrying tools commonly used for prying," or even "climbed to the roof to gain access into the building," I would have no question as to adequacy of the indictment. Thus, the majority either misreads or misapprehends our prior opinion to require a "last proximate act." It clearly did not.