**Robert Earl MOLENDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 416–84.

Court of Criminal Appeals of Texas, En Banc.

June 18, 1986.

Douglas M. Barlow, Beaumont, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant pleaded guilty before the court to the offense of attempted burglary of a building. The court assessed punishment at confinement for ten years. The Beaumont Court of Appeals agreed with appellant that the indictment charging the offense was fundamentally defective "in that the facts alleged do not constitute the offense of attempted burglary." *Molenda v. State,* 715 S.W.2d 651 No. 09–83–134–CR (Tex.App.—Beaumont, delivered February 29, 1984). The State filed a petition for discretionary review contending that the Court of Appeals ignored *McCravy v. State,* 642 S.W.2d 450 (opinion on rehearing) (Tex.Cr.App.1982) in reviewing the facts alleged in the indictment charging attempted burglary. The State contends the facts alleged in the indictment are sufficient to charge attempted burglary.

The indictment alleged that appellant: did then and there attempt to enter a building ... by prying a lock off of a fence surrounding said building with a screwdriver....

V.T.C.A. Penal Code, § 30.02, defines the offense of burglary in pertinent part:

(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; ....

V.T.C.A. Penal Code, § 15.01, defines the offense of criminal attempt in pertinent part:

(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

In *McCravy,* supra, we held that under § 15.01, a required element of the offense of attempted burglary that must be alleged in the indictment is that the appellant does an act amounting to more than mere preparation that tends but fails to effect the commission of the burglary intended. This required element may be alleged in the indictment by stating either the aforementioned statutory phrase from § 15.01 or by alleging facts "which adequately show that the act is of that character." *McCravy,* supra, at 459. The recommended practice is to track the statutory language rather than to allege facts, precisely to avoid the problem presented in the instant case.

As in *McCravy,* supra, the issue presented in the instant case is whether the facts alleged in the indictment sufficiently allege

an act amounting to more than mere preparation that tends but fails to effect the commission of the burglary intended.

The Court of Appeals stated that "[t]he gravamen of the offense of burglary is the 'entry' into a building," and that "an attempted burglary of a building, with the required intent, must be an attempt of actual entry into the building. The mere 'prying a lock off of a fence surrounding' the building is insufficient to allege an attempt of actual entry into the building."

Although the result is correct, this language in the Court of Appeals' opinion is somewhat limiting. *McCravy*, supra, in the opinion on rehearing, noted that acts which "tend to intrude" are not necessarily required. An accused could be convicted as long as the alleged acts *"tended to effect* the commission of a burglary." (Emphasis in original). Thus, the emphasis is not necessarily on entry but on acts which *tend to effect* the commission of a burglary. Admittedly, we find it difficult to imagine an allegation of facts for an attempted burglary which does not include acts showing some connection to the building. Neither nor do we agree with the Court of Appeals that "attempt of actual entry" need be alleged, as long as acts alleged show they *tend to effect* commission of a burglary.

In the instant case "prying a lock off of a fence surrounding" a building is not a sufficient allegation to lead to the legal conclusion that appellant committed acts amounting to more than mere preparation that tended but failed to effect the commission of an intended burglary. Cf. *Day v. State*, 534 S.W.2d 681 (1976). While not *necessarily* required in every case, in the instant case the indictment does not allege any act that has any connection to the building. The allegation does not go far enough, i.e., by stating or including facts such as the existence of fresh pry marks on the door of the building. The indictment may be sufficient to allege some other attempted offense like criminal trespass of the fenced area, but it does not sufficiently allege acts beyond mere preparation for burglary of the building. Compare the allegation in *McCravy*, supra, which we found presented "a very close question." Even those acts—"turning off electrical power" and "climbing to the roof"—at least directly involved and were connected to the building itself. The allegation in the instant case does not include an act from which the legal conclusion can be drawn that it tended to effect a burglary.

The indictment does not charge the offense of attempted burglary. The judgment of the Court of Appeals reversing the conviction is affirmed and the prosecution is dismissed.

TEAGUE and WHITE, JJ., concur in the result.

ONION, P.J., and McCORMICK, J., dissent.