In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00377-CR**
_____

**ETHAN THOMAS BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR35078**

## MEMORANDUM OPINION

A jury found Ethan Thomas Brown "guilty of the felony offense of violation of Bond 2+ Times During a Continuing Period Twelve Months or Less in Duration as charged in the indictment." *See* Tex. Penal Code Ann. § 25.072(e). The jury assessed punishment at imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice for a term of 10 years and a $10,000 fine. The trial court signed a judgment in accord with the jury's verdict and Brown filed a notice of appeal. In a single issue raised in his appeal, Brown argues the judgment

1

should be reversed and reformed to reflect a conviction for the lesser included offense of attempted violation of a bond or protective order two or more times within a 12-month period. We affirm the trial court's judgment.

The caption on the indictment identifies the charge as "VIOL BOND/PROTECTIVE ORDER 2+ TIMES W/I 12 MO" and "25.072(e) Penal Code". The body of the indictment recites

> that on or about the 24th day of March A.D. 2020, in the County of Liberty and State of Texas, and anterior to the presentment of this indictment, ETHAN THOMAS BROWN did during a continuous period that was twelve months or less in duration, namely from on or about the 29th day of January, 2020 through the 24th day of March, 2020, engage in conduct two or more times that constituted an offense under Section 25.07 of the Texas Penal Code, namely made multiple attempts to directly communicate with [the complaining witness], a protected person as defined in the Order Amending Conditions of Bond signed the 29th day of January, 2020 at 5:35 p.m. by the Honorable Thomas Chambers, Presiding Judge County Court at Law No. 1 of Liberty County, Texas, in a threatening or harassing manner[.]

Brown did not file a motion to quash the indictment and on appeal he insists the indictment is not defective. He argues that to allege an offense under section 25.072 of the Penal Code the indictment must describe conduct that is an offense under section 25.07. A person commits the offense of violation of a bond or protective order under section 25.07(a) if, in violation of a condition of bond set in a family violence case and related to the safety of a victim, a person "communicates: (A) directly with a protected individual . . . in a threatening or harassing manner[.]" *See* Tex. Penal Code Ann. § 25.07(a)(2)(A). Brown contends the indictment filed in

2

Trial Cause Number CR35078 charged him with committing an offense that does not exist under section 25.072 of the Penal Code because the indictment alleged that he "made multiple attempts to directly communicate with" a protected person when the predicate offense under section 25.07(a)(2)(A) requires that the accused "communicate … directly with a protected individual." Brown concedes the jury necessarily found that all of the elements of criminal attempt and he argues the appropriate relief is to reform the judgment to reflect a conviction for criminal attempt and to remand the case to the trial court for a new punishment hearing. *See Thornton v. State*, 425 S.W.3d 289, 299-300 (Tex. Crim. App. 2014).

Brown cites only one case in his brief: *Walker v. State*, 594 S.W.3d 330 (Tex. Crim. App. 2020). In *Walker*, the appellant was acquitted of engaging in organized criminal activity, not because the State alleged a non-existent predicate offense, but because the State failed to produce evidence supporting each element of the predicate offense it relied upon to obtain a conviction. *See id.* at 337.

The indictment in *Walker* alleged that the defendant engaged in organized criminal activity by commission of the predicate offense of possession of a controlled substance. *Id*. at 333. The intermediate appellate court overruled Walker's challenge to the sufficiency of the evidence but found Walker suffered egregious harm from the jury charge that omitted elements of the offense. *Id*. at 337. The State filed a petition for discretionary review in which it conceded it had produced

3

insufficient evidence to support a conviction for engaging in organized criminal activity but argued the Court of Appeals should have reformed the judgment to possession of a controlled substance with intent to deliver. *Id*. at 334-35.

The Court of Criminal Appeals held the intermediate appellate court erred by failing to measure the sufficiency of the evidence against a hypothetically correct jury charge. *Id.* at 337. Comparing the evidence at trial against a hypothetically correct jury charge, the Court held the State failed to prove that Walker committed a predicate offense that was authorized by the indictment because the State failed to produce evidence that Walker, or a member of the combination, either possessed the controlled substance through forgery, fraud, misrepresentation, or deception or there had been an actual delivery of hydrocodone. *Id*. The lack of a valid predicate offense amounted to a substantive defect in the charging instrument that Walker did not object to before trial, not the lack of an indictment altogether, and even if the substantive defect impermissibly lowered that State's burden at trial with regard to the greater offense the indictment authorized a conviction for possession of a controlled substance with intent to deliver. *Id*. at 340. The Court held that if the jury convicts a defendant of an offense on an indictment that alleges a non-existent predicate offense, the appellate court may reform the judgment to reflect a conviction for an existent lesser-included offense. *Id*. at 332.

Brown argues that condition exists here. He argues the indictment alleges the commission of a non-existent predicate offense of violating a bond by attempting to communicate with a protected person but that the jury necessarily found that he committed the lesser included offense of criminal attempt. Brown does not argue that the State failed to present evidence that Brown violated an order setting conditions of bond more than two times in a twelve-month period by communicating directly with a protected individual in a threatening or harassing manner. Indeed, in his brief Brown states:

> [The complaining witness] accused Appellant of sexually assaulting her that night, which led to Appellant being arrested and bond conditions being imposed on him on January 29, 2020. Among other conditions, Appellant was ordered not to communicate with [the complaining witness] in a threatening or harassing manner. [The complaining witness] testified to numerous violations of this order and Appellant testified, admitting that he sent messages and letters that he knew were a violation of the order.

When we review the legal sufficiency of the evidence to support the conviction, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. We measure the sufficiency of the evidence by the

5

elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. The law as "authorized by the indictment" includes the statutory elements of the offense "as modified by the charging instrument." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

A hypothetically correct jury charge need not incorporate indictment allegations that would give rise to only immaterial variances. *Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014). In determining whether a variance is material, we examine whether the indictment informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial and whether the indictment would subject him to the risk of being prosecuted later for the same crime. *Gollihar v. State*, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001).

When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements. *Cada v. State*, 334 S.W.3d 766, 774 (Tex. Crim. App. 2011). For instance, in *Cada*, an indictment alleging retaliation against person on account of his service as a witness

6

did not authorize conviction for retaliation on account of the person's service as an informant because pleading of one statutory element and proof of a different statutory element is a material variance. *See id*.

Brown argues the indictment identified a non-existent predicate offense, but a subsection of section 25.07 that the State relied upon as the predicate offense for the alleged violation of section 25.072 is readily identifiable from the face of the indictment: Penal Code Section 25.07(a)(2)(A) ("communicates: (A) directly with a protected individual or a member of the family or household in a threatening or harassing manner[]"). That the indictment alleged that Brown "made multiple attempts to directly communicate" with the protected person does not mean that to secure a conviction the State could not rely on evidence that Brown directly communicated with her. The State did not, as Brown implies, allege that Brown committed the offense of criminal attempt as the predicate offense under section 25.072. *See* Tex. Penal Code § 15.01(a) ("A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."). An indictment charges a person with criminal attempt if it tracks the language of section 15.01(a) or if the indictment alleges facts which show that the defendant committed acts amounting to more than mere preparation that tended but failed to effect the commission of the intended offense. *McCravy v. State*, 642 S.W.2d 450,

7

459-60 (Tex. Crim. App. 1982) (op. on reh'g). The indictment in this case neither alleged that Brown committed an act that tended to but failed to affect the commission of the intended offense nor alleged facts showing the attempted communication did not occur. We conclude that the indictment authorized a conviction under Penal Code section 25.072.

The State produced evidence that Brown was released on bond on an accusation of sexual assault committed against the complaining witness. A condition of bond prohibited Brown from communicating with the complaining witness. The State produced text messages that showed that during the period of time alleged in the indictment, the complaining witness received many, many messages: text messages purporting to being from friends expressing their disbelief that the complaining witness would accuse Brown of sexual assault, text messages imploring the complaining witness to reconcile with Brown, text messages beseeching the complaining witness to sign a non-prosecution affidavit, text messages warning the complaining witness that her house might go into foreclosure, and text messages containing vague threats that she could face civil liability or criminal prosecution for having accused him of sexual assault.

Brown testified in his own defense at trial and freely admitted he had sent the text messages to the complaining witness. Brown admitted he knew he was not supposed to write to the complaining witness but he sent letters to her from jail

8

anyway. The complaining witness testified she felt all the letters, phone calls, and texts were meant to be threatening and to wear her down.

Viewing all of the evidence in the light most favorable to the prosecution, we conclude a rational jury could find beyond a reasonable doubt that Brown, during a period of time that is twelve months or less in duration, intentionally or knowingly engaged in conduct two or more times that constitutes direct communication with the complaining witness in a threatening or harassing manner, and that the complaining witness is a protected individual pursuant to an order on conditions of bond. We overrule the issue on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
JAY WRIGHT
Justice

Submitted on February 28, 2023
Opinion Delivered March 8, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.