

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0589-22

### AARON CALEB SWENSON, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SIXTH COURT OF APPEALS
### BOWIE COUNTY

**WALKER, J., filed a dissenting opinion.**

### DISSENTING OPINION

Because I would affirm the judgment of the court of appeals, I respectfully dissent to the judgment of the Court. I agree with Judge Slaughter that the evidence is insufficient to support Appellant Aaron Caleb Swenson's conviction for attempted capital murder. For all of the smoke he blew for his online viewers, and for whatever may have been going on in his own mind, objectively he did no more than drive around Texarkana with guns in his car.

However, I do not join Judge Slaughter's opinion, because she goes on to suggest that, had Appellant brandished and pointed one of his firearms at police officers, that action would have

constituted attempted capital murder like it was in *Godsey v. State*, 719 S.W.2d 578, 583 (Tex. Crim. App. 1986).[1] I believe *Godsey* got it wrong on that point and should at the very least be reconsidered, if not outright disavowed.

### *Godsey* Should Be Reconsidered

As we explained in *McCravy*, there is an "imaginary line" separating mere preparation from acts that tend to but fail to effect the commission of an intended offense. *McCravy v. State*, 642 S.W.2d 450, 460 (Tex. Crim. App. 1982) (op. on reh'g). When it came to attempted capital murder of police officers, in *Godsey* this Court drew that line at pointing a gun.

The defendant in *Godsey* was convicted of attempted capital murder. *Godsey*, 719 S.W.2d at 579. On appeal, he argued that the evidence was insufficient to show attempt, because the evidence did not show specific intent to commit capital murder, and because the evidence did not show "an act amounting to more than mere preparation for the offense of attempted murder." *Id.* at 580. On the latter point, he contended that his act of pointing a gun was not enough, and something more would be necessary. *Id.* at 583. This Court disagreed, because "requir[ing] some proof that a defendant attempted to fire and the gun misfired or the shot missed its target undermines the notion of attempt offenses in which the act is more than mere preparation that 'tends but fails to effect the commission of the offense intended.'" *Id.* This Court concluded that the evidence was sufficient to show attempt where the defendant:

> very slowly and deliberately pulled a loaded revolver in direct violation of police instructions and moved it in such a way as to aim at two officers. The only remaining act for the commission of capital murder was for appellant to pull the trigger and hit his target. His actions constituted more than mere preparation.

---

[1] Dissenting opinion at 9–10 (Slaughter, J., dissenting).

*Id.*

I believe the Court in *Godsey* drew the line in the wrong place. Attempt offenses are not undermined by requiring proof that the defendant fired but missed, or pulled the trigger but the gun failed to fire. Instead, those facts fit neatly into the definition of attempt. A person commits criminal attempt "if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." TEX. PENAL CODE Ann. § 15.01(a).

Assuming a defendant has the specific intent to commit murder, if that defendant fires a gun at another but misses his target, he undoubtedly commits an act amounting to more than mere preparation that would tend to cause the death of his target, but fails to do so. The same is true if that defendant pulls the trigger of the gun but the gun fails to fire, although his aim is true. And obviously, if the defendant fires his gun and strikes his intended target but his target lives, the defendant's act would have caused his target's death but failed to do so.

But simply brandishing and pointing a firearm at another? Brandishing and pointing a firearm, alone, are not acts that go beyond mere preparation that tends to but fails to effect the commission of murder. A defendant harboring murderous intent could wave his gun at every person he sees, but simply doing so does not tend to cause the death of any of those people.[2] So long as he does not pull the trigger, no amount of pointing his gun would tend to cause death. Pointing a gun—aiming it—is *preparation*. Pulling the trigger is the attempt. If the bullet hits and causes death, it's a completed murder. If the bullet hits but does not cause death, if the bullet does not hit, if the

---

[2] Take, for instance, a person at a crowded gun show examining a pistol he is considering purchasing. While checking the sights, he points the pistol in the direction of some of the other gun show attendees. Is that attempted murder? I think not.

gun does not fire or if the gun is unloaded,[3] it's attempted murder.

While brandishing and pointing a firearm at another are not sufficient, in my opinion, to show an act amounting to more than mere preparation, those actions may be sufficient to show something else such as the defendant's specific intent to cause another person's death. *See Godsey*, 719 S.W.2d at 783 (finding defendant's act of pointing his gun at police officers sufficient to show specific intent to kill). But the other persons in *Godsey* and in this case are police officers. When the person that the defendant brandishes and points his firearm at is a police officer, even if those acts would show the defendant intends to cause death, I would posit that the death intended is the defendant's very own. A reasonable person can expect only one result of brandishing and pointing a gun at police officers: being shot by the police. That situation is not attempted capital murder; it is attempted suicide.

**Conclusion**

In conclusion, I agree with Judge Slaughter that Appellant's actions did not reach the level of attempted capital murder, and I agree with her in dissenting, respectfully, to the Court's opinion and decision today to reverse the judgment of the court of appeals.

However, I do not join her dissenting opinion because I do not think that, had Appellant pointed one of his firearms at police, without pulling the trigger, that would have constituted attempted capital murder. To the extent that *Godsey* says otherwise, that case should be reconsidered.

Filed: November 20, 2024

---

[3] Factual impossibility is not a defense to attempt. *Lawhorn v. State*, 898 S.W.2d 886, 891 (Tex. Crim. App. 1995); *Chen v. State*, 42 S.W.3d 926, 929 n.1 (Tex. Crim. App. 2001); *Ex parte Hicks*, 640 S.W.3d 232, 233 (Tex. Crim. App. 2022).

Publish