**Robert Lee CODY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59999.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 10, 1980.

Pete E. Carless, Arlington, for appellant.

Henry Wade, Dist. Atty. & T. Michael Sutton & Winfield Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal was taken from a conviction for attempted arson. Appellant was convicted in a trial before the court and punishment was assessed at two years.

Officer Bernardo Silva, of the Dallas Police Department, testified that on the night of October 6, 1977, he was working off-duty as a security guard at Sunset High School. On the night in question, a dance was being held in the lunchroom of the high school. Silva related that he went outside and noticed an individual on the balcony of an adjacent building which was part of the school. This individual was identified as appellant.

Silva stated that he observed appellant pouring a substance onto the floor of the balcony. Silva walked over to the building and met appellant at the foot of the stairs. The two men then went upstairs. Silva testified that gasoline had been poured onto the floor of the balcony and several wads of paper had been placed on the floor in and near the gasoline. Silva placed appellant under arrest and found a box of matches in his front left pocket.

Following his arrest, appellant made a statement which was reduced to writing. A portion of the statement is as follows:

"I went to a dance at Sunset High School on Jefferson Blvd., Dallas Texas and paid for a ticket and they stamped my hand and I went in the lunch room where the dance was going on. Then I was talking to my brother and he went outside and I went outside to talk to him but he had already left. I went back to the dance but a black lady would not let me in without paying again also a white man with a brown suit said that I would have to pay again or I could not get in. I left and went to the service station at the corner of Jefferson to buy some gas to burn the school. I got a gallon of gasoline in a plastic anti–freeze jug and went back to school. When I got to the school, I went upstairs; went into a bathroom and where they had lockers and poured gasoline on the floor. As I was going down the stairs a policeman stopped me and told me to go back upstairs and then he handcuffed me. I was going to set fire to Sunset High School on Jefferson Blvd., Dallas, Texas. I was mad at the people because they would not let me in the dance, after I had already paid."

In his fourth ground of error, appellant challenges the sufficiency of the evidence. He maintains that the State only produced evidence that showed mere preparation to start a fire.

V.T.C.A. Penal Code, Sec. 15.01(a) defines criminal attempt in the following manner:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The term "act" means a bodily movement, whether voluntary or involuntary, and includes speech. V.T.C.A. Penal Code, Sec. 1.07(a)(1).

The arson statute in effect at the time of the instant prosecution provided:[1]

"(a) A person commits an offense if he starts a fire or causes an explosion: (1) without the effective consent of the owner and with intent to destroy or damage the owner's building or habitation;"

Appellant's statement to authorities indicates that he intended to set fire to the high school. In the furtherance of that intent, he is shown to have poured gasoline onto the floor of the building. Wads of paper were placed in and near the gasoline. Officer Silva found a box of matches inside appellant's pocket.

We find that appellant's acts constituted more than mere preparation that tended to effect the commission of the offense of arson. Appellant had prepared the scene of the offense to the extent that the only act yet to be accomplished in order to complete the offense was the actual setting of the fire.

■ Appellant argues that in the absence of evidence that he struck a match, he is not guilty of attempted arson. This argument is based on the mistaken premise that the attempt statute requires that *every* act short of actual commission be accomplished in order for one to be convicted of an attempted offense. The statute only requires an act tending to effect the commission of the offense. We find the evidence sufficient to support the conviction. Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant challenges the sufficiency of the evidence. He maintains that the court found him guilty under an incorrect theory of law. Appellant directs our attention to certain comments made by the court in relation to Secs. 15.01 and 15.04. He maintains that the court's comments evidenced a basic misunderstanding of the law of attempt.

We do not find it necessary to address this contention. In appellant's fourth ground of error, we found the evidence sufficient to support a conviction for attempted arson as that offense has been defined by the Legislature. Any error in the court's comments with regard to interpretation of the law would have no affect on appellant's conviction. Appellant's fifth ground of error is overruled.

■ In his sixth ground of error, appellant contends that there is a variance between the allegations of the information and the proof at trial. He maintains that such a variance exists due to the fact that the information alleges that gasoline was poured onto the floor of the building while the evidence showed that gasoline was poured onto the floor of an outside balcony.

V.T.C.A. Penal Code, Sec. 28.01(2) provides as follows:

" 'Building' means any structure or enclosure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use."

Appellant appears to argue that since the balcony was not within the enclosed structure, pouring gasoline on the floor of the balcony was not the equivalent of pouring gasoline on the floor of the building. We find this contention to be without merit.

As noted above, a "building" is a structure intended for some use. The balcony in question was attached to the second floor of a building and its use was to facilitate passage from one room to another in the building. We find that the balcony constituted a portion of the building. Furthermore, appellant's confession states that he went into a bathroom of the building and poured gasoline onto the floor. No variance is shown.

In his first ground of error, appellant contends that the information under which he was prosecuted is fundamentally defective. He maintains that the information is deficient because it does not allege or show a logical or causal relationship between the act alleged and conclusion alleged.

---

1. Amended by Acts 1979, 66th Leg., p. 1216, ch. 588, Sec. 2, eff. Sept. 1, 1979.

The felony information in the instant case alleges in pertinent part that appellant did:

"then and there, with the specific intent to commit the offense of Arson, knowingly and intentionally attempt to start a fire with the intent to damage and destroy a building, without the effective consent of Ralph V. Alexander, the owner of the said building, said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, in that the said Robert Lee Cody poured gasoline on the floor of said building."

▮ An indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense intended. *Williams v. State*, Tex.Cr.App., 544 S.W.2d 428. Furthermore, omission of the phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" does not render an indictment alleging an attempted offense fundamentally defective. *Coleman v. State*, Tex.Cr. App., 542 S.W.2d 144.

Appellant relies on *Hobbs v. State*, Tex. Cr.App., 548 S.W.2d 884, in which an attempted capital murder indictment was found to be fundamentally defective. The indictment in that case alleged only a unilateral act by the appellant, without reciting that the appellant hired or employed another to kill Hobbs. We held that the indictment failed to allege facts which would lead to the legal conclusion that appellant did "more than mere preparation" in committing the offense of attempted murder.

▮ In this case, the information alleges a legal conclusion of more than mere preparation and a factual allegation of "poured gasoline on the floor." We find that the alleged act supports the conclusion that he attempted to start a fire in that the only remaining act he had to perform in order to complete the offense was the actual setting of the fire. We conclude that the information herein contains the essential elements of the offense. The information is not fundamentally defective. Appellant's first ground of error is overruled.

▮ In his second and third grounds of error, appellant contends that the trial court erred in overruling his motion to quash the information. The thrust of appellant's contentions is that the information merely alleges an act of preparation. He argues that the act of pouring gasoline on a floor is in and of itself, without a further allegation, only preparation.

In *Hart v. State*, Tex.Cr.App., 581 S.W.2d 675, the appellant attacked the sufficiency of his attempted murder indictment. The indictment alleged that appellant attempted to cause the death of an individual by stabbing him with a knife. On appeal, it was argued that the act of stabbing with a knife is not such an act that is one beyond mere preparation that fails to effect the commission of the offense intended. This Court found the contention to be without merit and stated as follows:

"To argue that the physical act of thrusting a knife blade into the complainant's body is mere preparation does not comport with common experience or reasoning. While simple acquisition and possession of a weapon would, in most situations, be preparation, putting that weapon to use to inflict injuries clearly goes beyond preparation. By alleging that appellant attempted to cause death by stabbing, the State has alleged an act beyond mere preparation which fell short of the intended offense of murder."

Appellant relies on *Posey v. State*, 545 S.W.2d 162, in which the Court held a possession of a controlled substance information to be fundamentally defective. The information in *Posey* merely alleged that appellant obtained the drugs by misrepresentation in presenting a prescription for a named individual to a pharmacist. The Court found the information to be defective in that merely obtaining a prescription for another individual did not constitute misrepresentation. Additional facts to prove such fraud should have been alleged.

In the instant case, it is alleged that appellant attempted to start a fire by pouring gasoline onto the floor of a building. The information does not merely allege appellant's acts of procurement, possession and transportation of the gasoline to the school; rather, it alleged an overt act of making use of the gasoline to ready the scene for a fire. We find that the information alleges an act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended. No error is shown in the court overruling appellant's motion to quash.

The judgment is affirmed.