Jenkins-MA v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-109-CR

        MELINDA ANN JENKINS,
                                                                                               Appellant
        v.

        THE STATE OF TEXAS,
                                                                                               Appellee
 

From the 208th District Court
Harris County, Texas
Trial Court # 611,543
                                                                                                    

O P I N I O N
                                                                                                    

          Melinda Jenkins' sole contention is that her conviction for attempted capital murder should
be reversed because the State failed to allege the elements of the attempted offense, capital murder. 
The State alleged that Jenkins unlawfully and intentionally did:
with the specific intent to commit the offense of CAPITAL MURDER OF VIVIAN
NOBLE, hereinafter styled the Complainant, do an act, to-wit: BY SHOOTING
THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM,
which amounted to more than mere preparation that tended to but failed to effect
the commission of the offense intended. 

She never objected to the complaint in the trial court.
          Jenkins waived any complaint about the charging instrument allegedly omitting an element
of the offense when she failed to attack it on that ground in the trial court. See Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Vernon Supp. 1992); Ex parte Morris, 800 S.W.2d 225, 227 (Tex.
Crim. App. 1991). Moreover, an instrument charging criminal attempt need not allege the
elements of the attempted offense. Cody v. State, 605 S.W.2d 271, 274 (Tex. Crim. App. [Panel
Op.] 1980). We overrule the point and affirm the judgment. 
 
                                                                                                     BOB L. THOMAS
                                                                                                     Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 23, 1992
Do not publish
 
           



, shall have remedy by due course of law,"
2) Article 1, Section 15, of the Texas Constitution which states: "The right of trial by jury shall
remain inviolate," and 3) The 14th Amendment of the United States Constitution and Article 1,
Section 19, of the Texas Constitution which state that no state shall make any laws which deprive
a person of life, liberty or property without due process of law.
      Section 14.001, et seq., Tex. Civ. Prac. & Rem. Code, Section 14.001, et seq. has been
held to be constitutional. Thomas v. Wichita General Hospital, 952 S.W.2d 936, 940 (Tex.
App.—Ft. Worth 1997, writ denied).
      Chapter 14 of the Tex. Civ. Prac. & Rem. Code applies to suits brought by an inmate who
has filed “an affidavit or unsworn declaration of inability to pay costs.” Section 14.003 allows
a court to dismiss a suit before or after process is served if the court finds that: 1) the allegation
of poverty is false; or 2) the claim is frivolous or malicious. In determining whether a claim is
frivolous or malicious, the court may consider whether: 1) the claim’s realistic chance of ultimate
success is slight; 2) the claim has no arguable basis in law or fact; 3) it is clear that the party
cannot prove facts in support of the claim; or 4) the claim is substantially similar to a previous
claim filed by the inmate.
      Section 14.004 provides: a) an inmate who files an affidavit or unsworn declaration of
inability to pay costs shall file a separate affidavit of declaration: 1) identifying each suit
previously brought by the person, and in which the person was not represented by an attorney; and
2) describing each suit that was previously brought by: A) stating the operative facts for which
relief was sought; B) listing the case name, cause number, and the court in which the suit was
brought; C) identifying each party named in the suit, including whether the suit was dismissed as
frivolous or malicious, or otherwise; b) if the affidavit or unsworn declaration filed under this
section states that a previous suit was dismissed as frivolous or malicious, the affidavit or unsworn
declaration must state the date of the final order affirming the dismissal; c) the affidavit or
unsworn declaration must be accompanied by the certified copy of the trust account statement from
the department.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). Stated another
way, was the act of the court arbitrary or unreasonable? Smith v. Cessna Aircraft Co., 665
S.W.2d 439, 443 (Tex. 1984).
      Appellant’s petition was not accompanied by an affidavit or unsworn declaration required by
Section 14.004. Thus, there was no abuse of discretion in the trial court’s dismissal of Appellant’s
lawsuit. Hickson v. State, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). Bell v. Texas
Dept. of Criminal Justice - Institutional Division, 962 S.W.2d 156, 157 (Tex. App.—Houston
[14th Dist.] 1998, writ denied).
      All of Appellant's points and contentions made thereunder are overruled.
      The judgment is affirmed.
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 11, 2001
Do not publish