11th Court of Appeals
Eastland, Texas
Opinion 
 
Ernest Ray Applin
            Appellant
Vs.                  No. 11-04-00038-CR -- Appeal from Jones County
State of Texas
            Appellee
 
            Ernest Ray Applin, appellant, appeals the conviction of attempted murder. TEX. PEN.
CODE ANN. § 15.01 (Vernon 2003). The jury assessed punishment at confinement for 15 years. 
Appellant contends in two points of error that the evidence is legally and factually insufficient to
support his conviction. Specifically, appellant argues in two points of error that the evidence was
legally and factually insufficient to show that appellant attempted to ignite gasoline that he had
thrown on the victims. We affirm.
Standard of Review
            In order to determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex.Cr.App.2000). To determine if the evidence
is factually sufficient, we must review all of the evidence in a neutral light and determine whether
the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or
whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Zuniga v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v.
State, 133 S.W.3d 618 (Tex.Cr.App.2004); Zuliani v. State, 97 S.W.3d 589, 595 (Tex.Cr.App.2003);
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d
126 (Tex.Cr.App.1996).
            The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the
weight to be given to their testimony. TEX. CODE CRIM. PRO. ANN. arts. 38.04 & 36.13 (Vernon
1979 & 1981). Deference is given to the jury verdict, as well as to determinations involving the
credibility and demeanor of witnesses. Cain v. State, supra at 407. 
 Evidence at Trial
            Appellant lived with Jessica Woodard and their baby girl, Brooklyn Woodard. On the
morning of August 16, 2002, appellant woke Woodard up, told her that he was going to kill her, and
accused her of stealing money from him. Appellant then abruptly left the house. After approxi-mately 30 minutes, appellant returned home with a jar of gasoline and a lighter. Woodard cried
while she attempted to convince appellant that she did not steal his money. She continued to try to
calm appellant without success. Appellant then threw the gasoline on Woodard and Brooklyn. The
gasoline doused Woodard’s T-shirt and wet Brooklyn’s hair. Appellant turned away from Woodard
and began working the lighter. Upon seeing appellant with the lighter, Woodard hit appellant in the
head with the jar and ran out of the house to the police station. Analysis
            Appellant argues that the jury could not find him guilty of attempted murder because the
State did not prove that appellant actually attempted to ignite the gasoline. The court’s charge,
which followed the indictment, required the State to prove that appellant committed the offense “by
putting gasoline on [Woodard], and attempting to ignite [the] same.” 
            Appellant states that the “overwhelming majority of [Woodard’s] testimony supports a
conclusion that Appellant did not attempt to ignite the gasoline before [she and Brooklyn] ran from
the house.” This is not the case. Woodard was the only witness who testified to appellant’s attempt
to ignite the fire. Her testimony was that appellant had a jar of gasoline in one hand and a lighter in
his pocket. Appellant threw the gasoline on Woodard and Brooklyn. Appellant then turned away
from them as he wadded up a piece of paper and “was fixing to light it.” Although Woodard
testified that she did not actually see appellant ignite the lighter, she also testified that appellant said
he was going to “set [them] afire.” Woodard further testified that appellant said he was going to
“burn us up.” Upon cross-examination, Woodard stated that she did not see appellant actually light
the fire because “I didn’t give him time to flick the lighter. I picked up the jar and threw it before
he had time to even flick it.” There was no testimony to contradict Woodard’s account of what
occurred that morning.
            The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the
weight to be given to their testimony. Articles 38.04 & 36.13. The jury reasonably concluded that
appellant attempted to ignite the gasoline that he threw on Woodard and Brooklyn. The record
reflects that appellant’s acts constituted more than mere preparation that tended to effect the
commission of the offense. See Cody v. State, 605 S.W.2d 271 (Tex.Cr.App.1980).
            The evidence was legally sufficient because a rational trier of fact could have found that
appellant attempted to ignite the gasoline he threw on Woodard and Brooklyn. The evidence, taken
in a neutral light, was factually sufficient because the evidence was not so weak as to render the
conviction clearly wrong and manifestly unjust and because the contrary evidence was not so strong
that the beyond-a-reasonable-doubt burden of proof could not have been met. We overrule
appellant’s first and second points of error. 
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                    TERRY McCALL
JUSTICE
 
January 6, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and 
Wright, J., and McCall, J.