Opinion issued March 8, 2007





 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00436-CR

____________


Q.V. GILFORD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1046250






MEMORANDUM OPINION

 A jury found appellant, Q.V. Gilford, guilty of the offense of attempted arson
of a habitation. (1) After appellant pleaded true to the allegations in two enhancement
paragraphs that he had two prior felony convictions, the trial court assessed his
punishment at confinement for twenty-five years. In his sole issue, appellant
contends that the trial court abused its discretion in denying his motion for instructed
verdict and that the evidence is legally and factually insufficient to support his
conviction.

 We affirm.

Factual Background

 Cloteal McGee, the complainant, testified that she had lived at her two-bedroom home and that appellant lived in a "shed house" nearby. On the morning of
November 5, 2005, she and appellant were smoking crack cocaine and playing dice
at her kitchen table. Wayne Williams, the complainant's live-in boyfriend, had just
gotten home from work and was in the bedroom. While they were playing dice, the
complainant "won $6 from [appellant] and he got furious," stating, "[f]uck you, fuck
you, you beat me out of a dollar. Y'all got me fucked up. I'll fuck y'all up." In an
attempt to avoid any confusion, the complainant "gave [appellant] a dollar, told him
to get out of [her] house and don't come back." Appellant "got real, real mad and he
stormed and slammed the door and he left."

 The complainant subsequently heard Evelyn Brown, her neighbor, yelling that
appellant was "putting gas" around the complainant's home. The complainant ran
outside and saw appellant pouring gasoline, which was splashing onto the side of the
home. Williams ran to the front door and stated that appellant was "fixing to light it." 
While outside, appellant was stating, "[y]'all got me fucked up, I'm going to fuck
y'all up, y'all always trying to fuck on me, winning my money." The complainant
explained that, while appellant was yelling, he stated that he was going to burn down
her home. As appellant was pouring gas onto the home, the complainant called for
emergency assistance. The complainant explained that she thought that appellant was
going to light her home on fire, but never saw appellant with a lighter. 

 Williams testified that he awoke when he heard the complainant and appellant
shouting at each other. Williams looked out the front door and saw appellant holding
"a lighter and a piece of paper in his hand." Williams smelled gasoline and saw "a
red gas can on the ground" in appellant's vicinity. Williams stated that appellant
threatened to burn the home down. 

 Brown testified that she had the front door to her home opened and heard the
complainant and appellant arguing. Brown then saw appellant pouring gasoline out
of a red gas can onto the side of the complainant's home. She asked appellant why
he was pouring gasoline, and he told her, "[b]itch, mind your own business." As he
was pouring the gasoline, appellant stated to Brown and the complainant, "I'm going
to burn this motherfucker down." Brown explained that she "had every reason in
[her] mind to know that [appellant] was going to burn it down." She further testified
that appellant had a lighter and, although unsuccessful, was attempting to light the
home on fire.

 Houston Police Department Officer C. Sturdivant testified that he was
dispatched to the complainant's home, responding to a "criminal mischief in
progress." Upon his arrival, Sturdivant observed appellant, matching the description
of the suspect, "leaving the scene on foot." The complainant informed Sturdivant that
appellant had "attempted to light her house on fire." At the scene, Sturdivant smelled
a "strong odor of gasoline" coming from "the side of the wall and near the front porch
of the complainant's home."

 Ponciano Cinco, an arson investigator with the Houston Fire Department,
testified that he was dispatched to the complainant's home. The scent of gasoline was
present near the front door of the home. Cinco found "numerous lighters on the
ground" and explained that it appeared as though someone had walked along the wall,
pouring gasoline onto the home.


Legal and Factual Sufficiency

 In his sole issue, appellant argues that the trial court abused its discretion in
denying his motion for instructed verdict and that the evidence is legally and factually
insufficient to support his conviction for attempted arson of a habitation because his
"intent was only to scare the [complainant] and not to burn down the house." He
asserts that he "should have been charged with terroristic threat instead of attempted
arson."

 A challenge on appeal to the denial of a motion for directed verdict is a
challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479,
482 (Tex. Crim. App. 1996). We review the legal sufficiency of the evidence by
viewing the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim.
App. 2005). We note that the trier of fact is the sole judge of the weight and
credibility of the evidence. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the
weight and credibility of the evidence and substitute our judgment for that of the fact
finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We must
resolve any inconsistencies in the evidence in favor of the verdict. Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).

 In a factual sufficiency review, we view all the evidence in a neutral light, both
for and against the finding, and set aside the verdict if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, i.e., that the
verdict seems "clearly wrong and manifestly unjust," or the proof of guilt, although
legally sufficient, is nevertheless against the great weight and preponderance of the
evidence. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). In
performing a factual sufficiency review, we are to give deference to the fact finder's
determinations, including determinations involving the credibility and demeanor of
witnesses. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not
substitute our judgment for the fact finder's. Watson, 204 S.W.3d at 414-15.

 A person commits the offense of criminal attempt if, with specific intent to
commit an offense, he does an act amounting to more than mere preparation that tends
but fails to effect the commission of the offense intended. Tex. Pen. Code Ann. §
15.01(a) (Vernon 2003). A person commits the offense of arson of a habitation if he
starts a fire, intending to damage or destroy a habitation knowing that it is located on
property belonging to another. Id. § 28.02(a)(2)(D) (Vernon Supp. 2006). Although
also instructed on the offense of terroristic threat, (2) the jury found appellant guilty of
the offense of attempted arson of a habitation. (3)

 Juries may infer intent from a defendant's conduct and the surrounding facts
and circumstances. LaPoint v. State, 750 S.W.2d 180, 182 (Tex. Crim. App. 1986);
McGee v. State, 923 S.W.2d 605, 608 (Tex. App.--Houston [1st Dist.] 1995, no pet.). 
Here, three witnesses testified that appellant said that he was going to burn down the
home. Specifically, Evelyn Brown testified that appellant stated to her and the
complainant, "I'm going to burn this motherfucker down." This indicates appellant's
intent to set fire to the complainant's home. In furtherance of that intent, the evidence
shows that appellant poured gasoline around, and onto, the side of the home. Wayne
Williams saw appellant holding a "lighter and piece of paper in his hand," and Brown
saw appellant with a lighter. These acts constituted more than mere preparation that
tended to effect the commission of the offense of arson of a habitation. See Cody v.
State, 605 S.W.2d 271, 273 (Tex. Crim. App. 1980). Appellant had prepared the
scene of the offense to the extent that the only act yet to be accomplished in order to
complete the offense was the actual setting of the fire. See id.

 Viewing all the evidence in the light most favorable to the jury's verdict, we
conclude that a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Furthermore, we conclude, viewing the evidence
neutrally, that the evidence is not so weak that the verdict is clearly wrong or
manifestly unjust or that the proof of guilt is against the great weight and
preponderance of the evidence. Accordingly, we hold that the evidence is legally and
factually sufficient to support appellant's conviction for the offense of attempted
arson of a habitation. We further hold that the trial court did not err in denying
appellant's motion for an instructed verdict.

 We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Pen. Code Ann. § 15.01(a) (Vernon 2003), § 28.02(a)(2)(D) (Vernon Supp.
2006).
2. A person commits the offense of terroristic threat if he threatens to commit any
offense involving violence to any person or property with intent to place any person
in fear of imminent serious bodily injury. Id. § 22.07(a)(2) (Vernon Supp. 2006).
3. We note that appellant relies on R.C.S. v. State for the proposition that "[i]n order to
establish the corpus delicti of the crime of arson it must be shown (1) that a fire
occurred and (2) that the fire was designedly set by someone." 546 S.W.2d 939, 942
(Tex. Civ. App.--San Antonio 1977, no writ). Here, however, appellant was tried for 
the offense of attempted arson.