ACCEPTED
03-15-00209-CR
8422572
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/31/2015 12:01:31 PM
JEFFREY D. KYLE
CLERK

**NO. 03-15-00209-CR**

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/31/2015 12:01:31 PM
JEFFREY D. KYLE
Clerk

**IN THE
COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN**

_____

**DEANDRE DWIGHT JOSEPH**

**V.**

**THE STATE OF TEXAS**

_____

**Appealed from the District Court
of Travis County, Texas
403rd Judicial District
Cause Number D-1-DC-15-904009**

_____

**REPLY BRIEF FOR APPELLANT**

_____

**Randy Schaffer
State Bar No. 17724500**

**1021 Main, Suite 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
noguilt@swbell.net**

**Attorney for Appellant
DEANDRE DWIGHT JOSEPH**

**ORAL ARGUMENT REQUESTED**

# SUBJECT INDEX

**Page**

ISSUE ONE ............................................................................................ 1

    THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION FOR AGGRAVATED ASSAULT BECAUSE HE DID NOT USE OR EXHIBIT A DEADLY WEAPON BY WETTING THE COMPLAINANT WITH GASOLINE.

ISSUE TWO ........................................................................................... 3

    THE TRIAL COURT REVERSIBLY ERRED IN REFUSING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF ASSAULT.

ISSUE THREE........................................................................................ 6

    THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION FOR ATTEMPTED ARSON OF A HABITATION BECAUSE HE DID NOT HAVE THE SPECIFIC INTENT TO SET FIRE TO THE HABITATION.

CONCLUSION ...................................................................................... 7

CERTIFICATE OF SERVICE .......................................................... 7

CERTIFICATE OF COMPLIANCE................................................. 8

# INDEX OF AUTHORITIES

| **Cases** | **Page** |
| --- | --- |

Brister v. State, 449 S.W.3d 495 (Tex. Crim. App. 2014)................................... 2

Chavez v. State, 740 S.W.2d 21 (Tex. App.—El Paso 1987, no pet.)................. 5

Cody v. State, 605 S.W.2d 271 (Tex. Crim. App. 1980) ..................................... 6

Ellis v. State, 2004 WL 177851 (Tex. App.—Fort Worth 2004, pet. ref'd) ........ 1

Nash v. State, 115 S.W.3d 136 (Tex. App.—Texarkana 2013, no pet.).............. 5

Pruett v. State, No. 02-14-00222-CR (Tex. App.—Fort Worth, December 10, 2015) .................................................................................. 2

Williams v. State, 946 S.W.2d 432 (Tex. App.—Fort. Worth 1997) pet. ref'd, 970 S.W.2d 566 (1998) ............................................................ 2

**THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION FOR AGGRAVATED ASSAULT BECAUSE HE DID NOT USE OR EXHIBIT A DEADLY WEAPON BY WETTING THE COMPLAINANT WITH GASOLINE.**

Appellant contends that the evidence is legally insufficient to sustain his conviction for aggravated assault because he did not use or exhibit a deadly weapon by wetting Jillian Higgins with gasoline, as unignited gasoline poured on a person is not capable of causing death or serious bodily injury.

The State criticizes appellant for relying on a dictionary definition instead of the penal code definition of "weapon." State's Brief at 27. The penal code defines "deadly weapon" but not "weapon." Appellant cited the dictionary to illustrate the difference between a "weapon" and an "accelerant." To be clear, he contends that the unignited gasoline in this case is not a "deadly weapon" under the penal code definition because it is not capable of causing death or serious bodily injury in the manner of its use or intended use.

The State asserts that unignited gasoline is a deadly weapon because it can be ignited by a cigarette butt. State's Brief at 27. It relies on Ellis v. State, 2004 WL 177851 *3 (Tex. App.—Fort Worth 2004, pet. ref'd) (not designated for publication), which held that unignited gasoline is a deadly weapon where the defendant threw it on the complainant and threatened to set her on fire with a

1

lighter. However, the Second Court of Appeals retreated from this position in Pruett v. State, No. 02-14-00222-CR (Tex. App.—Fort Worth, December 10, 2015). Pruett set fire to a house. By the time the fire department arrived, a neighbor had put out part of the fire with a garden hose, and the remaining fire had "played out" into the yard and was "burning down." There was no evidence that the neighbor or the firefighters were in actual danger of death or serious bodily injury. Pruett was convicted of arson. The court entered an affirmative finding in the judgment that the fire was a deadly weapon. The court of appeals held that the evidence was legally insufficient to sustain the deadly weapon finding, focusing on what happened rather than on what could have happened. If fire is not a deadly weapon where no one was placed in actual danger of death or serious bodily injury, then unignited gasoline is not a deadly weapon. The unignited gasoline was not a deadly weapon in applicant's case based on what happened rather than on what could have happened.[1]

The State also asserts that the evidence established that "appellant's manner of use and intended use of the gasoline was to ignite it and cause serious bodily injury or death to Higgins, as he threatened." State's Brief at 28. To the contrary,

---

[1] A motor vehicle is capable of causing death or serious bodily injury. Some cases have held that a motor vehicle is not a deadly weapon under the particular facts. See Williams v. State, 946 S.W. 2d 432, (Tex. App.—Fort Worth 1997), pet. ref'd, 970 S.W. 2d 566 (1998); Brister v. State, 449 S.W. 3d 490, 495 (Tex. Crim. App. 2014). If a motor vehicle is not a deadly weapon in all circumstances, even though it is capable of causing death or serious bodily injury (especially to the driver if he is intoxicated), then unignited gasoline is not a deadly weapon in all circumstances.

2

appellant poured gasoline on Higgins in an attempt to get her to help him contact his former girlfriend, Rosalie Miller. He had ample opportunity to set a fire during the two hours that they were in her room but did not do so. Thus, the evidence is legally insufficient to sustain his conviction for aggravated assault because the unignited gasoline was not a deadly weapon in the manner in which he used or intended to it.

## ISSUE TWO

### THE TRIAL COURT REVERSIBLY ERRED IN REFUSING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF ASSAULT

Appellant contends that the trial court reversibly erred in refusing to instruct the jury on the lesser included offense of assault. The State asserts that the issue was not preserved for appellate review because trial counsel agreed with the court's comment that the evidence did not show that appellant was guilty only of assault. State's Brief at 28-29. The State takes counsel's statement out of context.

The charge conference commenced with counsel requesting jury instructions on terroristic threats, deadly conduct, assault, and criminal mischief (7 R.R. 245). The court asked him to explain what evidence demonstrated that appellant was guilty of each offense. Counsel responded that appellant committed an assault by pushing the complainant on the bed. The court responded that there was no

3

evidence to indicate that, "if guilty, he is only guilty of that offense," without specifying the offense. Counsel responded as follows (7 R.R. 245-46):

> That is correct. However, I am saying that it is possible given the evidence that the jury can find there was no intent either to light the gasoline, ignite the gasoline, in which case there wouldn't be—or they could have reasonable doubt whether or not he intended to light the gasoline and attempt an arson or whether or not he intended to use the gasoline as a deadly weapon.
>
> It's our contention, it's our theory of the case that what he was doing was frightening Jillian Higgins and attempting to control her in order to obtain some way of getting back in touch with his former girlfriend.

The court ultimately denied all the requested instructions (7 R.R. 247). Thus, the State takes out of context counsel's statement, "That is correct," in asserting that he agreed with the court that there was no evidence that appellant was guilty only of assault. To the contrary, counsel explained different scenarios in which appellant would be guilty of assault rather than aggravated assault. Thus, the issue was preserved for appellate review.

The State also asserts that there was no evidence that appellant was guilty only of assault because "no rational jury could conclude that appellant merely meant to frighten Higgins." State's Brief at 32. There is no factual or legal basis for this assertion. An arson investigator testified that appellant intended to scare Higgins rather than start a fire (7 R.R. 189). Indeed, had appellant intended to set

4

fire to Higgins or the house, he had ample opportunity to do so. That he did not suggests that his intent was to scare Higgins to reveal information about Miller.

The State does not mention the cases cited by appellant which held that it is error to refuse to instruct the jury on a lesser included offense where there is a fact question whether the object used was a deadly weapon. See Chavez v. State, 740 S.W. 2d 21, 23 (Tex. App—El Paso 1987, no pet.); Nash v. State, 115 S.W. 3d 136, 139 (Tex. App—Texarkana 2013, no pet.). The State asserts that appellant must "positively and affirmatively present evidence upon which a rational jury could find that gasoline was not a deadly weapon." State's Brief at 33. The State ignores that the jury could have concluded from the arson investigator's testimony or the cross-examination of Higgins that the unignited gasoline was not capable of causing death or serious bodily injury in the manner of its use or intended use. If the jury believed that appellant threatened Higgins but that unignited gasoline, in the manner of its use or intended use, was not a deadly weapon, then he would be guilty only of assault by threats. Thus, the evidence raised the lesser included offense of assault, and the trial court erred in refusing the instruction.

**ISSUE THREE**

**THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION FOR ATTEMPTED ARSON OF A HABITATION BECAUSE HE DID NOT HAVE THE SPECIFIC INTENT TO SET FIRE TO THE HABITATION.**

Appellant contends that the evidence is legally insufficient to sustain his conviction for attempted arson of a habitation because he did not have the specific intent to set fire to the habitation.

The State asserts that the evidence was sufficient under Cody v. State, 605 S.W. 2d 271 (Tex. Crim. App., 1980). An officer observed Cody pour gasoline on the floor of a balcony at a school. Cody confessed that he intended to set the school on fire because he was mad. Evidence that he poured gasoline on the balcony with the intent to set the school on fire was sufficient to sustain his conviction for attempted arson. Id. at 272-73. Cody is clearly distinguishable from appellant's case. Appellant did not threaten to burn down the house or make any post-arrest admissions that he intended to do so. Higgins testified that she was not sure whether he poured gasoline on a tapestry that he removed from the wall but that he did not attempt to ignite it (7 R.R. 27, 63-64). The arson investigator testified that appellant intended to set fire to Higgins rather than to the tapestry or the house (7 R.R. 179). Thus, the evidence is legally insufficient to sustain his

6

conviction for attempted arson of a habitation because he did not have the specific intent to set fire to the house.

## CONCLUSION

This Court must reverse the aggravated assault conviction and remand for a new punishment hearing on the lesser included offense of Class C misdemeanor assault or, in the alternative, for a new trial; and must reverse the attempted arson of a habitation conviction and enter a judgment of acquittal.

Respectfully submitted,

/s/ Randy Schaffer
Randy Schaffer
State Bar No. 17724500

1021 Main, Suite 1440
Houston, Texas 77002
(713) 951-9555 (telephone)
(713) 951-9854 (facsimile)
noguilt@swbell.net

Attorney for Appellant
DEANDRE DWIGHT JOSEPH

## CERTIFICATE OF SERVICE

I served a copy of this document on Lisa Stewart, assistant district attorney for Travis County, P.O. Box 1748, Austin, Texas, 78767, by e-filing and by United States mail, postage prepaid, on December 31, 2015.

/s/ Randy Schaffer
Randy Schaffer

## CERTIFICATE OF COMPLIANCE

The word count of the countable portions of this computer-generated document specified by Rule of Appellate Procedure 9.4(i), as shown by the representation provided by the word-processing program that was used to create the document, is 1,589 words. This document complies with the typeface requirements of Rule 9.4(e), as it is printed in a conventional 14-point typeface with footnotes in 12-point typeface.

/s/ Randy Schaffer
Randy Schaffer