

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00182-CR

_____

ANGELA ALEXANDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 19th District Court
McLennan County, Texas
Trial Court No. 2015-511-C1

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A McLennan County jury convicted Angela Alexander of attempted arson of her husband's home. *See* TEX. PENAL CODE ANN. §§ 15.01, 28.02 (West 2011). Alexander pled true to the State's enhancement allegation and was sentenced to seventy years' imprisonment.[1] On appeal, Alexander argues (1) that the evidence is legally insufficient to support the jury's verdict of guilt and (2) that the trial court improperly instructed the jury on the elements of the offense. Because we find both that legally sufficient evidence supported the jury's finding of guilt and that there was no error in the jury charge, we affirm the trial court's judgment.

I.      **Legally Sufficient Evidence Supported the Jury's Finding of Guilt**

A.      **Factual and Procedural Background**

Alexander and her husband, Willie Campbell, were living in two separate households following the birth of their son. According to Campbell, Alexander had received false information that he was romantically involved with another woman. Campbell testified that he was inside his home with friends when barking dogs indicated an unexpected visitor's approach. When Campbell walked outside to investigate, he was met by a screaming Alexander, who was approaching the house with a Molotov cocktail. Campbell did not realize what Alexander was holding until she was halfway up the short walkway to the home.

---

[1] Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Although Campbell was reluctant to testify against his wife at trial and he called the Molotov cocktail a "bluff tactic," his report to the Waco Police Department (WPD) stated, "I then saw [Alexander] try to light some paper sticking out of the water bottle with a lighter." Because he was concerned that Alexander could damage his home, Campbell tackled Alexander and the two began "tussling." Campbell reported that Alexander doused him with the gasoline in the water bottle.

Christopher Nall, a patrol officer with the WPD, arrived at the scene, which reeked of gasoline, to find Campbell and Alexander fighting. According to Nall, Campbell told WPD that Alexander threatened to commit arson and said she was going to set the house on fire. Campbell testified that there was "a flicker, an attempt" to light the Molotov cocktail.

Amber Richardson, a crime scene technician with the City of Waco, testified that she found Alexander's blue lighter on the ground and gasoline in the trunk of the car she was driving.[2] Richardson recalled that she smelled gasoline as soon as she arrived on the scene and that Campbell's arm also smelled of gasoline. She collected what remained of the Moltov cocktail, which was admitted into evidence.

**B.      Standard of Review**

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield*

---

[2]The lighter was not found near the bottle.

*v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a). A person commits the offense of arson "if the person starts a fire, regardless of whether the fire continues after ignition . . . with intent to destroy or damage . . . any . . . habitation. . . . knowing that it is within the limits of an incorporated city or town." Tex. Penal Code Ann. § 28.02(a)(2)(A). The State's indictment, under the label of "ATTEMPTED ARSON," alleged that Alexander did,

> with the specific intent to commit the offense of Arson of a Habitation of WILLIE CAMPBELL, do an act, to-wit:  brought a bottle of gasoline containing soaked

4

paper towels and a lighter to the habitation threatening to set it on fire, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.[3]

Thus, the State was required to prove that (1) Alexander, (2) with the intent to destroy or damage Campbell's habitation, (3) while knowing it was within the limits of an incorporated city or town, (4) did an act amounting to more than mere preparation—bringing a bottle of gasoline containing soaked paper towels and a lighter to the habitation and threatening to set it on fire—(5) which tended but failed to effect the commission of arson.

### C.     Analysis

Alexander concedes that the evidence is legally sufficient to support the jury's finding that she intended to commit arson and knew that the habitation was within the limits of an incorporated city or town. She further concedes that she "showed up angry at Campbell's house with a Molotov cocktail and then tried to light it." Yet, Alexander argues that there is legally insufficient evidence that she tried to catch the habitation on fire by *actually* lighting the Molotov cocktail and throwing it at the house. However, as we explain below, no such evidence was required in this attempted arson case.

---

[3]"Article 1.14(b) of the Code of Criminal Procedure requires a defendant to object to any defect of form or substance in an indictment before the trial on the merits or 'he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.'" *Tamez v. State*, 27 S.W.3d 668, 670 (Tex. App.—Waco 2000, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West Supp. 2000)). For the first time on appeal, Alexander contends that the State's indictment was defective. While she admits to being put on notice that she was being charged with attempted arson, Alexander complains that "she was incorrectly told by the indictment that bringing a bottle of gasoline containing a soaked paper, and a lighter, to a habitation and then threatening to set it on fire, would amount to the offense of attempted arson." Stated another way, she argues that the indictment should have stated that she attempted to start a fire, but admits that "the sufficiency of the indictment challenge was waived." *See Cody v. State*, 605 S.W.2d 271, 273 (Tex. Crim. App. [Panel Op.] 1980) ("An indictment for criminal attempt is not fundamentally defective for failure to allege the constituent elements of the offense intended."). Instead, without citation to any relevant authority, Alexander argues that the State's indictment should not be used to construct a hypothetically correct jury charge. We reject this notion.

5

In a similar case, Alexander's argument that attempted arson requires the attempted ignition of a fire was rejected by the Texas Court of Criminal Appeals. *Cody*, 605 S.W.2d at 273. In *Cody*, the defendant was caught pouring gasoline onto the floor of a school balcony. *Id.* at 272. He then placed several wads of paper in and near the gasoline. *Id.* An officer arrested the defendant and, following his arrest, located matches in his pocket. *Id.* Challenging the sufficiency of the evidence used to convict him of attempted arson, the defendant argued that his actions merely showed preparation of an arson offense. *Id.* In other words, the defendant argues that there was no evidence he had attempted to light a fire. *Id.* The Texas Court of Criminal Appeals rejected the defendant's argument that his failure to light a match rendered the evidence insufficient to prove attempted arson since he, with requisite intent, poured gasoline on wads of paper piled on the floor of a building and was found with matches in his pocket. *Id.* at 273.

Similarly, here, Alexander admits that the evidence was sufficient to demonstrate that she had the intent to commit arson of Campbell's home. Campbell told Nall that Alexander threatened to set the house on fire and admitted he was concerned that she would damage his home with the Molotov cocktail. "[T]he offense of arson is complete whenever the actor starts a fire with the requisite culpable mental state, whether or not damage of any kind actually occurs." *Mosher v. State*, 901 S.W.2d 547, 549 (Tex. App.—El Paso 1995, no pet.). Because Alexander was convicted of attempted arson, as in *Cody*, the State was not required to prove that an object was set on fire. Rather, as in *Cody*, because Alexander had the requisite intent, the State only had to prove an act amounting to more than mere preparation which tended but failed to effect the commission of arson. Alexander brought the Molotov cocktail to Campbell's home and threatened to set it on

6

fire while possessing a lighter in close proximity to the home.[4] At that point, as in *Cody*, the offense of attempted arson was complete. Moreover, the evidence demonstrated that Alexander produced her lighter and caused it to flicker.

We find the evidence legally sufficient to support the jury's verdict of guilt. Accordingly, we overrule Alexander's first point of error.

## II. There is No Error in the Jury Charge

We employ a two-step process in our review of alleged jury charge error. *See Sakil v. State*, 287 S.W.3d 23, 25–26 (Tex. Crim. App. 2009); *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). "Initially, we determine whether error occurred and then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor*, 871 S.W.2d at 731–32).

"[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007)). "The purpose of the jury charge . . . is to inform the jury of the applicable law and guide them in its application. It is not the function of the charge merely to avoid misleading or confusing the jury: it is the function of the charge to lead and prevent confusion." *Id.* (quoting *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007)).

---

[4]The jury heard that Alexander was standing halfway up the short walkway to the home. From the photographs introduced into evidence, the jury could have determined that Alexander would have been able to hit the home with the Molotov cocktail.

Here, the abstract portion of the trial court's charge contained the proper definitions and instructions applicable to this case. Alexander takes issue with the application paragraph, which required the jury to render a verdict of guilt if it found the following elements proved beyond a reasonable doubt:

1.     On or about the 3rd day of December 2014;

2.     in McLennan County, Texas;

3.     the Defendant, ANGELA ALEXAND[E]R;

4.     did then and there, with the specific intent to commit the offense of Arson of a Habitation of WILLIE CAMPBELL;

5.     do an act, to wit:  brought a bottle of gasoline containing soaked paper and a lighter to the habitation; and;

6.     threatening to set it on fire;

7.     which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

Alexander argues that this portion of the jury charge is erroneous because it fails to instruct the jury that the State was required to prove that she attempted to light the Molotov cocktail on fire. We disagree.

As discussed above and in *Cody*, the Texas Court of Criminal Appeals rejected the defendant's argument that the State was required to prove that he attempted to light a match to sustain a conviction for attempted arson. *Cody*, 605 S.W.2d at 273. Thus, the jury was properly informed that it would not be required to find that Alexander attempted to light the Molotov cocktail.

8

### III.     Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     June 15, 2018
Date Decided:       June 21, 2018

Do Not Publish